Earl H. SAMPSON, Appellant,

v.

APCO OIL CORPORATION, Appellee.

No. 8234.

Court of Civil Appeals of Texas, Amarillo.

Jan. 17, 1972.

Culton, Morgan, Britain & White (Donald Jackson), Amarillo, for appellant.

Sanders, Miller & Baker (Ronald Nickum), Amarillo, for appellee.

REYNOLDS, Justice.

Summary judgment was rendered against three guarantors on their uncondi-

tional guaranty agreement. One of the guarantors has appealed, contending that the summary judgment proof was insufficient. Reversed and remanded.

Earl H. Sampson, J. C. Smiley, Jr., and Jerry D. Caldwell executed an agreement in which they, jointly and severally, guaranteed unconditionally the payment of any and all indebtedness incurred by or for Big A Supply, Inc., by virtue of its purchasing light petroleum products from APCO Oil Corporation. Thereafter, APCO initiated suit against the three guarantors to recover the sum of $1,880.12 alleged to be due from Big A Supply, Inc., on an open account. Big A Supply, Inc., was not made a party to the suit. The three guarantors filed answers which contained a denial of the correctness of the account, but only Sampson's denial was made under oath. APCO propounded interrogatories to the guarantors, the answers to which admitted the execution of the guaranty agreement and that it had not been terminated, but the guarantors refused to admit the correctness of the claim on the ground that they did not have access to the records and accounts of Big A Supply, Inc.

Thereafter, APCO moved for summary judgment, supporting its motion with an affidavit to the attached guaranty agreement and to the claim, the answers to the interrogatories, and the sworn account between Big A Supply, Inc., and APCO. After a hearing, the trial court rendered summary judgment in favor of APCO Oil Corporation against the three guarantors, jointly and severally, for the sum of $1,880.12, with 6% interest per annum thereon, and costs. Only Earl H. Sampson has perfected an appeal from the summary judgment.

 When the plaintiff moves for summary judgment, to be entitled to prevail, there must be demonstrated by the summary judgment proof that as a matter of law there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. Gibbs v. General Motors Corporation, 450 S.W.2d 827 (Tex.Sup.1970). To summarily establish the guarantors' liability under their guaranty agreement so as to entitle it to judgment as a matter of law, APCO was required to present competent summary judgment proof showing the absence of any genuine issue as to the material facts that (1) the guarantors had executed the guaranty agreement, (2) it had not been terminated, and (3) Big A Supply, Inc., was indebted to APCO in a certain amount that was due and unpaid.

 The verified guaranty agreement and the guarantors' acknowledgment of its execution and that notice of termination had not been given established that there was no genuine issue as to the first two facts. To show the absence of any genuine issue as to the third fact, APCO presented only its sworn account with Big A Supply, Inc. The sworn account was in compliance with Rule 185, Texas Rules of Civil Procedure, and is prima facie evidence to support a judgment as between the parties to the account, unless denied under oath, but the rule does not apply to parties who are strangers to the transaction. Copeland v. Hunt, 434 S.W.2d 156 (Tex.Civ.App.—Corpus Christi 1968, writ ref'd, n. r. e.). The guarantors were not parties to the transactions made the basis of the sworn account and, as to them, the sworn account cannot be proved by the affidavit of plaintiff. McCamant v. Batsell, 59 Tex. 363 (1883). With respect to the guarantors, the sworn account was not required to be denied under oath, is hearsay, Copeland v. Hunt, supra, and inadmissible, Duree v. Aetna Ins. Co., 66 S.W.2d 764 (Tex.Civ.App.—Amarillo 1933, no writ). Hearsay, although not objected to, is incompetent to establish any fact and can never form the basis of the judgment of a court, Texas Co. v. Lee, 138 Tex. 167, 157 S.W.2d 628 (1941), and cannot be the basis of a summary judgment. Products Unlimited, Inc. v. American Radiator & Standard Sanitary Corp., Industrial Division, 397 S.W.2d 551 (Tex.Civ.App.—Tyler

1965, writ ref'd, n. r. e.). Since there is no probative evidence establishing the absence of a genuine issue of fact as to the account made the basis of APCO's suit against the guarantors, APCO has failed to discharge its burden to demonstrate its entitlement to summary judgment.

The trial court's summary judgment as to Earl H. Sampson is reversed and remanded.