**Loran GORRELL, Appellant,**

v.

**TIDE PRODUCTS, INC., Appellee.**

No. 8598.

Court of Civil Appeals of Texas, Amarillo.

Dec. 31, 1975.

Rehearing Denied Jan. 26, 1976.

Kendrick & Tarlton, Kenneth Nolan Tarlton, Amarillo, for appellant.

Thomas & Burdett, Robert U. Mayfield, Hereford, for appellee.

ELLIS, Chief Justice.

Loran Gorrell, defendant-appellant, has brought this appeal from a summary judgment entered by the trial court against him in favor of Tide Products, Inc., plaintiff-appellee, in a suit upon a promissory note and upon his guaranty of an account of a third party. Reversed and remanded.

On December 16, 1974, the plaintiff filed its First Amended Petition alleging its entitlement to recovery from Loran Gorrell upon a promissory note executed and delivered on April 24, 1974, in the total sum of $4,632.25, including unpaid principal, accrued interest, together with attorney's fees of 15% as stipulated in the note. Also, in the same pleading, plaintiff alleged that subsequent to the date of the note, on or about July 13, 1974, and on various dates thereafter, plaintiff sold and delivered to Gorrell Farms, Inc., in the regular course of business, goods and merchandise and performed various services for Gorrell Farms, Inc., on which account there was a balance due in the sum of $1,025.12. The portion of the suit for the amount of this account, together with reasonable attorney's fees in the alleged sum of $341.71, was brought by plaintiff against Loran Gorrell as the guarantor of such account for Gorrell Farms, Inc.

The petition was sworn to by a representative of the credit department of Tide Prod-

ucts, Inc., as to the account pursuant to Rule 185, Texas Rules of Civil Procedure, the affidavit setting out:

"That the foregoing annexed account of TIDE PRODUCTS, INC., against LORAN GORRELL, as guarantor of the account of Gorrell Farms, Inc., for the sum of $1,025.12 is within the knowledge of affiant, just and true. That said account is due and that all just and lawful offsets, payments and credits have been allowed."

The pleadings with respect to the note sued upon were not sworn. A copy of the note was attached to the petition, but neither the original note nor a certified copy thereof was attached or in any manner made a part of the record.

On December 16, 1974, the same date as that of the filing of Plaintiff's First Amended Petition, the plaintiff filed its Motion for Summary Judgment seeking to recover upon its claim as pleaded in its First Amended Petition. The claim of the plaintiff, according to such petition, on its two causes of action, including (1) the note, interest and attorney's fees, and (2) the sworn account against Gorrell Farms, Inc., for which defendant was the alleged guarantor, plus attorney's fees on the account in the sum of $341.71, aggregated the sum of $5,999.18, together with costs and 6% interest from date of judgment.

On January 14, 1975, the Defendant's First Amended Answer was filed. This answer was duly sworn and set out specifically the defenses of failure of consideration with respect to the note sued upon and breach of express and implied warranties relating to the products and services for which the note was given.

Also, on the same date, January 14, 1975, Loran Gorrell filed his motion in Opposition to the Plaintiff's Motion for Summary Judgment. The plaintiff's Motion for Summary Judgment, as above stated, included all of the claims against defendant set out in the Plaintiff's First Amended Petition which encompassed both the promissory note and the account of Gorrell Farms, Inc., guaranteed by the defendant. Attached to such motion in Opposition to Plaintiff's Motion for Summary Judgment was defendant's affidavit asserting failure of consideration and breach of express and implied warranties. The affidavit set out that an agent of Tide Products called upon appellant for the purpose of selling fertilizer that was expressly and impliedly warranted to increase the yield of the wheat grown on his farm; that the agent represented that the seller would test the soil and determine the chemicals necessary to bring about an increase in the yield of the wheat to be planted and that such seller formulated the chemicals to be applied for such purpose; that the chemicals were applied according to seller's instructions except for a 25 acre tract upon which the chemicals were not applied; that this 25 acre tract was farmed and watered in the identical manner and subject to the same weather conditions as the land upon which the chemicals had been placed; and that at harvest time the tract upon which the chemicals were not applied yielded more wheat than that upon which the chemicals were applied.

Specifically, the affidavit in support of Defendant's Opposition to Plaintiff's Motion for Summary Judgment stated, among other things, that:

"The debt for which Tide Products sues represents the purchase price of such chemicals and the services performed by them in testing the soil and recommending the chemicals to be applied, etc. Such chemicals and the services of plaintiff proved to be of absolutely no value to me in that they in no way increased the yield of the wheat, and in fact, apparently caused a decrease in the yield."

The hearing on the Plaintiff's Motion for Summary Judgment was set for March 26, 1975, and on the date of the hearing, the plaintiff filed two affidavits with respect to the account portion of the suit, i. e., one affidavit concerning various demands made upon the defendant for payment of the

$1,025.12 account, and the other affidavit regarding the work done and to be done by the attorney for the plaintiff regarding the collection of the account and the alleged reasonableness of the attorney's fee claimed with respect to such account. However, after objection by defendant's counsel to the introduction of such affidavits filed on the same date as that of the hearing, and the court's sustaining of such objection, it was stipulated that those affidavits not be considered in the hearing. However, they were included in the transcript filed in this appeal, but in accordance with the stipulation, were not considered in connection with this appeal.

After hearing, the trial court entered summary judgment in favor of the plaintiff on the note, accrued interest and the stipulated 15% attorney's fees thereon, and upon the $1,012.25 account, but excluded the attorney's fees claimed upon the account portion of the suit. From this judgment the defendant has predicated his appeal upon five points of error.

The appellant contends in point of error number 3 that the trial court erred in granting summary judgment on the note on the grounds that the defendant's pleadings and affidavit in opposition to the Plaintiff's Motion for Summary Judgment raised a genuine issue as to a material fact by reason of the sworn defensive plea of failure of consideration and breach of warranty.

■ The defendant's answer set out specifically a plea of failure of consideration for the note in accordance with the requirements of Rule 93, Texas Rules of Civil Procedure, as well as the defense of breach of implied and express warranties. Also, the summary judgment proof evidenced by the defendant's affidavit in support of defendant's plea in opposition to plaintiff's motion for summary judgment upon its claim asserted in its First Amended Original Petition which included the note and the account allegedly guaranteed by the defendant, clearly set forth the defense of failure of consideration. Want or failure of

consideration is clearly a permissible defense in a suit as between the payee and maker of a note unless the circumstances of the particular case present equities that preclude the maker from setting up the defense. 9 Tex.Jur.2d, Rev., Bills and Notes, § 257, and cases cited therein.

Appellant contends that the affirmative defense set out in his answer and his affidavit in opposition to the motion for summary judgment raised a genuine issue of material fact with respect to the defense of failure of consideration for the note. The appellee contends that at the time' of giving the note, April 24, 1974, the defendant's claimed defense of failure of consideration was with reference to a crop to be harvested in 1974 and referred to fertilizer applied to the land prior to or just after planting of the wheat. Further, appellee contends in its brief that it is a matter of judicial knowledge that wheat is planted in the fall of the year. The apparent implication is that the fertilizer in question was applied to the land during the previous fall (1973). Additionally, appellee asserts that the courts will take judicial knowledge that on the date the note was executed, April 24, growing wheat is nearly ready for harvest and that wheat at this time is so close to maturity that any differences or expected yield between the tract fertilized and the portion not fertilized would be obvious, and that by virtue of such knowledge, appellant waived the defense of failure of consideration. Appellee cites various cases regarding judicial knowledge by the courts with respect to times of planting and harvesting of crops. In the case of *McGarraugh v. McGarraugh*, 177 S.W.2d 296 (Tex.Civ.App., Amarillo 1943, writ dism'd), cited by appellee in support of such proposition, the court recognized that it is common knowledge that, in Texas, wheat is harvested, or at least is ripe and ready for harvest, in the latter part of July. In *McCormick v. Ricks*, 213 S.W.2d 337 (Tex.Civ.App., Amarillo 1948, writ ref'd n. r. e.), it was stated in the opinion that there was testimony that wheat on the land in question had been harvested by the mid-

dle of July, and in *Knudsen v. J. I. Case Co.*, 86 S.W.2d 794 (Tex.Civ.App., Amarillo 1935, no writ), the court stated that it is a matter of common knowledge that wheat planted in 1932 would ripen and be ready for harvest not later than 1933.

It is our opinion that the cases cited by appellee regarding judicial knowledge are inapplicable to the instant case. We find no authority that establishes appellee's contention that it is a matter of judicial knowledge that on April 24, 1974 (the date of execution of the note) the wheat was so close to maturity that any difference in expected yield between two tracts on the same farm would be obvious. We think that in any event such matter presents a fact question.

Under Rule 166–A, Texas Rules of Civil Procedure, summary judgment may be rendered if it is shown that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Also, in a summary judgment case, the burden of proof is upon the movant, and all doubts as to the existence of a genuine issue as to a material fact are resolved against him. *Great American Reserve Insurance Company v. San Antonio Plumbing Supply Company*, 391 S.W.2d 41 (Tex.1965); *Tigner v. First Nat. Bank of Angleton*, 153 Tex. 69, 264 S.W.2d 85 (1954); *Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929 (1952). No affidavit or other summary judgment proof was presented in support of the Motion for Summary Judgment with respect to appellee's claim for recovery on the promissory note. The appellant's asserted defenses of failure of consideration for the note and breach of expressed and implied warranties were affirmatively pleaded and sworn to in accordance with Rule 93, T.R.C.P. and it is our opinion that the appellee did not discharge its burden to establish that there is no genuine issue of material fact as to the appellant's defenses.

Appellant's point number 3 is sustained, and the portion of the summary judgment

granted with respect to recovery on the promissory note is reversed and remanded for trial.

In its point of error number 5, the appellant contends that the trial court erred in granting summary judgment against him on the account because Rule 185, T.R.C.P. does not apply to the defendant who was only a guarantor and not a party to the account transaction, and that a genuine issue of material fact was raised by the pleadings and the affidavits on file.

Appellee sued appellant in his capacity as guarantor of the obligation of Gorrell Farms, Inc. One of the exhibits attached to Plaintiff's First Amended Petition was a written guaranty of the account of Gorrell Farms, Inc., with Tide Products, Inc., signed by "L. E. Gorrell—Vice-Pred." Also attached to Plaintiff's First Amended Petition is an affidavit of one represented to have knowledge of the truth and justness of the account of Tide Products, Inc. with Gorrell Farms, Inc. The plaintiff swore to the First Amended Petition in the terms prescribed by Rule 185, T.R.C.P. That rule requires the party resisting the claim on a sworn account to file a written denial under oath that some or all of the items are not just and true. If the resisting party fails to file the sworn denial he is not permitted to deny all or any part of the claim. However, it has been established that a stranger to the account or one not a party to the account need not file the affidavit of denial required by Rule 185 in order to resist or set up a defense to the account. *Copeland v. Hunt*, 434 S.W.2d 156 (Tex.Civ.App., Corpus Christi 1968, writ ref'd n. r. e.); *Nichols v. Acers Company*, 415 S.W.2d 683 (Tex.Civ. App., Austin 1967, writ ref'd n. r. e.); *Sampson v. APCO Oil Corporation*, 476 S.W.2d 430 (Tex.Civ.App., Amarillo 1972, no writ). In each of these cases it was held that the defendant was a third party guarantor or stranger to the transactions underlying the sworn account and therefore was permitted to controvert and contest the account upon which the plaintiff had sued

even though the defendant did not file a written denial under oath. Although a sworn account is prima facie evidence sufficient to support judgment as between parties unless denied under oath, this rule does not apply to parties who are strangers to the transactions. *Sampson v. APCO Oil Corporation, supra.*

■ On the basis of the pleadings and the summary judgment proof submitted in the instant case, it is our opinion that appellant, sued as a third party guarantor, was not required to deny under oath the justness and truth of the specified items in order to resist the account. Also, he was entitled to controvert and contest appellee's claim by his affirmative defenses. See *Copeland v. Hunt, supra.*

Appellee asserts that in defendant's affidavit in support of his motion in Opposition to Plaintiff's Motion for Summary Judgment appellant admits "An agent for Tide Products called upon me for the purpose of selling fertilizer that was expressly and impliedly warranted to increase the yield on the crop grown on my farm. . . ." We do not think this quoted language establishes a debtor-creditor relationship of such nature as to prevent the defendant guarantor from asserting his defenses even though there is an absence of the Rule 185 denial on the defendant's part. In the case of *McCamant v. Batsell,* 59 Tex. 363 (1883) in discussing the predecessor statute to the present Rule 185, the Supreme Court stated:

"It is not believed that a debt which is not the result of a transaction between the parties to it, and in reference to which they have equal means of knowledge, but which is the result of a transaction between one of them and some other person, can constitute such an account as the statute contemplates may be proved by the affidavit of a plaintiff, or as a defendant will be compelled to deny in whole or in part under oath, before he will be permitted to introduce evidence to disprove a *prima facie* case which the statute contemplates may be made by the affidavit." Id. at 370–371.

Although as indicated in his affidavit in opposition to plaintiff's motion for summary judgment, appellant was familiar with the representations made by the agent of Tide Products, Inc., and knew that the use of the chemicals did not result in the increased production as represented, this does not necessarily mean that he had sufficient personal knowledge of the specific items and services allegedly furnished to Gorrell Farms, Inc., by Tide Products, as set out in the sworn account, to enable him to deny the justness of the account as to various specific items set out in the account between Tide Products, Inc. and Gorrell Farms, Inc. Unless the appellant, as guarantor, had personal knowledge of the specific transactions with respect to the specific items set out in the account between Tide Products, Inc. and Gorrell Farms, Inc., as to the defendant-guarantor, such account would not be required to be denied under oath by him; it cannot be established by affidavit made in behalf of Tide Products, Inc.; and it is hearsay and inadmissible against the guarantor. *Smith v. West Texas Hospital, Inc.,* 487 S.W.2d 143 (Tex.Civ. App., Amarillo 1972, no writ); *Sampson v. APCO Oil Corporation,* supra, and cases cited therein.

The record does not show the precise nature of the relationship between the appellee and the appellant as guarantor of the account. Although the signed guaranty instrument had the words "Vice-Pred." after his signature, there is no showing that the goods and services were ordered by or furnished to the appellant. It does not appear that appellant acted as agent for Gorrell Farms, Inc. Indeed, the fact that appellant was sued in the capacity of guarantor of the account of Gorrell Farms, Inc. is indicative that the appellee did not regard him as acting in a representative capacity for Gorrell Farms, Inc., but rather in his individual capacity as a third party guarantor and not as a party to the account.

Appellee asserts that appellant, as an officer of Gorrell Farms, Inc., is chargeable with knowledge of all transactions entered into by Gorrell Farms, Inc. Although the knowledge imputed to appellant could form the basis for his ultimate liability on an account, properly proven, where Gorrell Farms, Inc. was the debtor, in the absence of a showing that the guarantor had personal knowledge with respect to each of the items of goods and services set out in the account, we do not believe such imputation of knowledge would enable him to properly deny under oath the truth and justness of the specific items alleged to have been furnished to Gorrell Farms, Inc., by Tide Products, Inc.; if he did not know such matters personally he could not properly deny them under oath since they would be hearsay as to him. *Sampson v. APCO Oil Corporation*, supra. Further, a failure to deny the account under oath does not bar appellant's defenses upon other grounds. *Copeland v. Hunt*, supra.

Appellee contends that the appellant's only effective pleading was his First Amended Original Answer which set up as defendant's only defense, the alleged failure of consideration and breach of warranty as to the note, and that such answer is inapplicable to the account. Although such defenses were not formally included in Defendant's Amended Original Answer with respect to the account, nevertheless the summary judgment proof received by the trial court in Opposition to Plaintiff's Motion for Summary Judgment, including appellant's affidavit, adequately raises the defenses of failure of consideration and breach of warranty with regard to the appellee's claim asserted in its First Amended Original Petition which encompassed both the note and the account. Where facts appear in affidavits upon motion for summary judgment which, if true, constitute a defense against the contentions of the moving party, summary judgment should be denied, even if there is an absence of formal defensive pleading. See *Smith v. Crockett Production Credit Association*, 372 S.W.2d 956 (Tex.Civ.App., Houston 1963, writ ref'd n. r. e.). In this connection, we note that it has been held that under such circumstances the trial court should deny the entry of summary judgment and permit amendment of the pleadings to conform to the summary judgment proof. *Womack v. Allstate Insurance Company*, 156 Tex. 467, 296 S.W.2d 233 (1956).

It is our opinion that the appellee's summary judgment proof failed to establish that there is no genuine issue of material fact as to the appellant's affirmative defenses of failure of consideration and breach of warranty with regard to the appellee's claim against the appellant as guarantor of the asserted debt of Gorrell Farms, Inc. Point of error number 5 is sustained.

Since we have sustained the points of error urged by appellant against the summary judgment rendered by the trial court regarding the causes of action asserted against him upon the note and the sworn account, respectively, we do not reach the remaining points raised by the appellant. Accordingly, the summary judgment is reversed and the causes asserted are remanded for trial.