Norman H. **BEVAN**, Appellant,

v.

Sidney T. **ZARGES** and Virginia S. **Zarges**, Appellees.

No. 08–81–00300–CV.

Court of Appeals of Texas, El Paso.

Dec. 29, 1982.

Appellees' Rehearing Denied Feb. 2, 1983.

Tuck R. Chapin, Tuck R. Chapin, Inc., San Antonio, for appellant.

L. Randall Lee, Scott, Hulse, Marshall, Feuille, Finger & Thurmond, El Paso, for appellees.

Before STEPHEN F. PRESLAR, C.J., and OSBORN and SCHULTE, JJ.

## OPINION

OSBORN, Justice.

Norman H. Bevan, the general partner of Investors Properties, Ltd., appeals from a summary judgment entered against him on a promissory note which he signed for the partnership. We reverse and remand.

On July 1, 1975, Mr. and Mrs. Zarges loaned $34,000.00 to Investors Properties, Ltd., a limited partnership. A real estate lien note was signed for this partnership by Norman H. Bevan as general partner. On November 3, 1975, the partnership filed a petition in bankruptcy. Appellees received $428.87 from this proceeding, and no other payment has ever been made on the note. In March, 1978, Appellees filed suit on the note. In August, 1981, judgment was entered for $65,246.28, which includes the balance due on the note, accrued interest and attorney's fees.

Appellant's brief states that this is an appeal by writ of error. If so, he has no appeal because he participated in the proceedings in the lower court by filing a response to the motion for summary judgment. Article 2249a, Tex.Rev.Civ.Stat.; *Burton v. Home Indemnity Company,* 531 S.W.2d 665 (Tex.Civ.App.—El Paso 1975, writ ref'd n.r.e.). But, the record reflects this is a regular timely filed appeal, and we consider it as such and not an appeal by writ of error.

By two points of error, the Appellant asserts the trial court erred in granting the motion for summary judgment and in granting judgment for the sum of $65,246.28.

In order to recover on a note, a party must establish that he is the owner and holder of a written instrument executed by the maker and delivered to the holder and the amount of the note that remains unpaid according to the terms of the note. If the maker does not deny execution of the written instrument under oath as required by Rule 93(h), Tex.R.Civ.P., that issue is taken as admitted. *See: Hidalgo v. Surety Savings and Loan Association,* 462 S.W.2d 540 (Tex.1971); *Whittenburg v. Cessna Finance Corporation,* 536 S.W.2d 444 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.).

The motion for summary judgment has attached the affidavit of Sidney T. Zarges, which states that he and his wife, Virginia S. Zarges, loaned $34,000.00 to Investors Properties, Limited, in 1975 and for and in consideration of such loan he and his wife received a real estate lien note dated July 1, 1975, which was made payable to them in the principal sum of $34,000.00 with interest at the rate of ten percent per annum and with a provision for attorney's fees. The affidavit states "[a] certified true and correct copy of the original said real estate lien note is attached to Plaintiff's First Amended Original Petition and is incorporated herein for all purposes." The affidavit states that the note is in default, that no payment has been made, except for the sum of $428.87, and further, that the rights to collection of the note have never been assigned, sold or otherwise conveyed, and "I and my wife are the sole and lawful holders and owner of the original of said real estate lien note."

In the deposition of Norman Bevan, he was shown a copy of a real estate lien

note dated July 1, 1975, which bears his signature as general partner of Investors Properties, Ltd., and which is payable to Sidney T. Zarges and Virginia S. Zarges in the sum of $34,000.00. He testified this exhibit attached to his deposition is a true and correct copy of the note he signed. He also acknowledged no payments had been made on the note. We conclude that the affidavit of Mr. Zarges and the deposition of Mr. Bevan establish as a matter of law the execution and delivery of the note and the unpaid balance which is in default. *Bailey v. Gulfway National Bank of Corpus Christi,* 626 S.W.2d 70 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.).

■ But, in the deposition of Mr. Zarges, he testified that he has a copy of the note sued upon but not the original. He said he received the original note, but he does not know where it is now. This Court had the same basic issue before it in *Haupt v. Coldwell,* 500 S.W.2d 563 (Tex.Civ.App.—El Paso 1973, no writ), where the trial court granted a summary judgment on a note that had been lost or stolen. In reversing and remanding for a new trial, Justice Ward, writing for the Court, said:

> It might be added that a person claiming to be the owner of a lost instrument is not a "holder" since he is not in possession of the paper. He has no rights as a holder. Tex.Bus. & Comm.Code Ann. Secs. 1.201(20) and 3.301; 9 Tex.Jur.2d Rev., Bills and Notes, Sec. 330, p. 364. Because of this and the requirement that the summary judgment proof establish that a plaintiff be the owner and holder of the note, we doubt that this case can ever be disposed of by summary judgment. The Uniform Commercial Code does provide for recovery to the owner of a note who might be in the Plaintiff's position, but there the trial Court may require security indemnifying the defendant against loss by reason of further claims on the instrument. Tex.Bus. & Comm.Code Ann.Sec. 3.804.

In a long line of cases, the Supreme Court of Texas has continually noted the necessity for valid summary judgment proof on the issue of "owner and holder" before a case such as this one may be affirmed. *Life Insurance Company of Virginia v. Gar-Dal, Inc.,* 570 S.W.2d 378 (Tex.1978); *Texas National Corporation v. United Systems International, Inc.,* 493 S.W.2d 738 (Tex.1973); *Hidalgo v. Surety Savings and Loan Association,* 462 S.W.2d 540 (Tex.1971); *Perkins v. Crittenden,* 462 S.W.2d 565 (Tex.1970). The evidence in this case does not establish that as a matter of law Appellees are owners and holders of the note.

We sustain the Appellant's first and second points of error. The judgment of the trial court is reversed and the case is remanded for a new trial.