JACK PARKER INDUSTRIES, INC.,
and Jack Parker, Appellants,

v.

FEDERAL DEPOSIT INSURANCE
CORPORATION, Appellee.

No. 08–88–00228–CV.

Court of Appeals of Texas,
El Paso.

April 19, 1989.

Steve Hershberger, Abner Burnett, Warren Burnett, Inc., Odessa, for appellants.

Beth A. Kramer, FDIC, Legal Div., Midland, for appellee.

Before OSBORN, C.J., and FULLER and KOEHLER, JJ.

## OPINION

KOEHLER, Justice.

This is an appeal from a summary judgment granted in favor of Appellee, Federal Deposit Insurance Corporation (referred to herein as FDIC) against Appellants, Jack Parker Industries, Inc. (referred to herein as Parker Industries), and Jack Parker, individually (henceforth referred to as Parker), in a suit on a promissory note signed by Parker Industries and a personal guaranty signed by Jack Parker. We affirm in part and reverse and remand in part.

Parker had been doing business in Odessa as Parker Building Systems, constructing metal buildings. An opportunity arose to enter into a new venture manufacturing high pressure oil field tanks and vessels. Parker did not have the funds to take advantage of the opportunity. He discussed the business prospect with Eddie Thomas, president of Metro Bank of Odessa. Thomas expressed an interest in investing. He later initiated a meeting between himself, Parker and Max Malone, president of Permian Bank & Trust. Thomas and Malone offered to "take care of" the financing of the venture in exchange for thirty percent of the stock (to be divided between them) of a new corporation to be organized for the purpose. Parker Industries was then incorporated in September 1980 and continued in existence through the summary judgment proceeding, although business operations had effectively ceased by December 1981. The financing promised by Thomas and Malone turned out to be an arrangement by Malone for revolving loans from his bank, secured by invoices for work completed by Parker Industries and by continuing personal guaranties signed in blank by Thomas and Parker. In sixteen months of activity, over $1,000,000.00 was borrowed. The highest on-going balance during this period was approximately $300,000.00 to $350,000.00. Ultimately, the prime source of business for Parker Industries became insolvent, leaving a large unpaid account which resulted in Parker Industries being unable to meet its obligations, including a renewal note, dated February 25, 1983, payable on June 25, 1983, to Permian Bank in the sum of $207,922.28.

Permian Bank brought suit against Parker Industries on the note and against both Thomas and Parker on their personal guaranties. Subsequently, the case against Thomas was severed. Thereafter, Permian Bank became insolvent and was placed in receivership under FDIC, which was then

substituted as plaintiff in this lawsuit. FDIC moved for summary judgment, supported by an affidavit of an account officer of the FDIC Midland office, the promissory note, an account summary as to principle and accrued interest, and the personal guaranty. Appellants then filed their second amended original answer which, in addition to a verified denial, alleged that Parker's guaranty signature was obtained by fraud on the part of Malone (among other defenses not pertinent to the appeal). Also filed by Appellants was a response to the motion for summary judgment, including two depositions and an affidavit of Parker. In granting the summary judgment for FDIC, the trial judge found no material fact issue existed as to the underlying debt or its amount or as to the execution of the guaranty by Parker. He did find a factual issue as to fraudulent inducement, but concluded that the evidence concerning the fraud was neither material nor relevant to Parker's defense. Appellant Parker's motion for new trial emphasizing that he had asserted in his response to the motion for summary judgment a defense of fraud in the factum, was overruled. Appellants assign three points of error in the granting of the summary judgment. Appellee filed no response to Appellants' brief.

To be entitled to summary judgment, the movant must conclusively prove all essential elements of its claim. The burden is on the movant to show that there are no genuine issues of material fact and that movant is entitled to judgment as a matter of law. *MMP, Ltd. v. Jones,* 710 S.W.2d 59 (Tex. 1986). The appellate court must accept as true the non-movants' version of the evidence. *Sabine Pilot Service, Inc. v. Hauck,* 687 S.W.2d 733 (Tex.1985). Every reasonable inference must be indulged in favor of the non-movants and any doubts resolved in their favor. *Bayouth v. Lion Oil Company,* 671 S.W.2d 867 (Tex.1984). If the party opposing a summary judgment is relying on an affirmative defense, he must present summary judgment evidence sufficient to raise an issue of fact on each essential element of the defense. *Brownlee v. Brownlee,* 665 S.W.2d 111 (Tex.1984).

For clarity's sake, the three points of error will be addressed out of order. In their third point of error, Appellants assert that there is a factual issue as to the amount of the underlying indebtedness owed by Parker Industries on the note. The note attached to the motion for summary judgment reflects a principal of $207,922.28 bearing interest at thirteen percent. The judgment of $405,735.92 is based upon computations from those figures. Appellants challenge the summary judgment in this point on two bases: First, Appellants' summary judgment proof raised a factual issue as to the amount; second, Appellee did not present competent proof of such amount. At the threshold, it should be noted that Appellants did not plead payment as required by Tex.R.Civ.P. 95, and thus, would not be allowed to prove payment in a trial. This problem aside, a review of Parker's depositions is sufficient to answer both challenges by Appellants. During the first deposition, Parker was being questioned about the amount of the initial loans, interim payments, renewals and ultimate balance. Appellants' counsel interjected:

> MR. BURNETT: Let me just say, at the time Mr. Parker—We have no reason to question the bank's records about amounts.

Thereafter, upon further questioning, the following was elicited:

> MR. LOBINGIER: And as of today, Mr. Parker, you do not dispute that Jack Parker Industries, Inc., as principal, owes Permian Bank $208,515.86 plus accrued interest? Do you have any dispute with that figure?
>
> MR. PARKER: I probably think that Mr. Malone could answer that better than I could.
>
> MR. LOBINGIER: Well, do you have any dispute with it as far as the amount of the money that is owed?
>
> MR. PARKER: I am sure that is the right amount.

In his second deposition, Parker agreed with his interrogator that the indebtedness was "now down to about $200,000.00." This admission came after testimony by

Parker in response to questions concerning six or seven checks, totalling approximately $200,000.00, paid by Parker to Permian Bank between January and June of 1981. A careful reading of both Parker's depositions and his affidavit raise no issue as to the amount owed. It is well to keep in mind that the renewal note sued on in this lawsuit was dated and signed by Parker in his representative capacity on February 25, 1983. Appellants also complain that the only evidence produced by FDIC to support the amount awarded in the judgment, "a computer generated sheet from the FDIC's Asset Servicing Unit," is hearsay. The sheet in question, an interest accrual statement for the note, was attached to an affidavit of the custodian which brought it within the business records' exception to the hearsay rule. Tex.R.Civ.Evid. 803(6). Point of Error No. Three is overruled.

■ Parker asserts in his first point of error that there is inadequate summary judgment proof that Parker executed the guaranty agreement, that it had not been terminated, and that Parker Industries was indebted to the FDIC. *Sampson v. Apco Oil Corporation*, 476 S.W.2d 430 (Tex.Civ. App.—Amarillo 1972, no writ). Section 7 of Rule 93, Texas Rules of Civil Procedure, requires a verified denial of the execution of an instrument upon which a suit is founded, in the absence of which the instrument is to "be received in evidence as fully proved." The defensive pleadings, although verified, did not contain a sworn denial of the execution of the note and so that issue is taken as admitted. *Bevan v. Zarges*, 645 S.W.2d 589 (Tex.App.—El Paso 1982), rev'd on other grounds, 652 S.W.2d 368 (Tex.1983). See also Tex.Bus. & Comm.Code Ann. sec. 3.307(a) and (b) (Vernon 1968). Moreover, Parker admitted in his deposition that his signature on the guaranty agreement was genuine. At the same time, he denied having been cognizant of signing a personal guaranty, the proof of which implicitly establishes the absence of termination. Thus, the first two prongs of *Sampson* were satisfied by adequate summary judgment proof. The third, existence of a certain underlying debt has previously been established in con-

nection with the analysis under Point of Error No. Three above. Point of Error No. One is overruled.

■ We turn now to the second point of error: that Parker's summary judgment proof raised a genuine issue as to his defense of fraud, specifically fraud in the factum. While Parker admits signing a number of papers in blank on a number of occasions at the request of Malone, he consistently denies, in his affidavit and depositions, intending to sign or knowingly signing the guaranty. He maintains throughout his testimony that whenever he raised a concern about creating, or signing any paper that might create, personal liability, he was assured by Malone that he was signing only in his representative capacity as president of Parker Industries and that he would not be personally liable or otherwise responsible for the loans being made to the business. Nowhere in his depositions or affidavit does Parker state or admit that he knowingly signed the guaranty itself upon Malone's assurances that he would not be personally liable on that guaranty. It is his contention that he was duped into signing the document without knowing its contents, i.e., fraud in the factum, not fraud in the inducement in its strict legal sense.

Parker's defensive pleadings are at best somewhat ambiguous as to whether he is pleading fraud in the inducement, as contended by FDIC at the summary judgment hearing, or fraud in the factum, as alluded to in Appellants' response to the motion for summary judgment and as specifically contended in their brief. Other than a remark by the FDIC attorney at that hearing that Parker "hasn't alleged facts that would support that defense (of fraud in the factum)," there was no objection by FDIC that Parker's summary judgment response and proof were outside the pleadings. The FDIC attorney did concede that while the personal defense of fraudulent inducement (knowingly signing a document with accompanying oral assurances of no enforcement) could not be maintained against the FDIC standing in the position of holder in due course, the real defense of fraud in the

factum (being deceived into signing a document without knowledge of its contents or essential terms), could be asserted. She (the FDIC attorney) argued in the hearing that the act of Parker signing the guaranty in blank, unless he could show duress or no real opportunity to discover the contents of the document, made him liable under the doctrine expressed in *D'Oench, Duhme & Co. Inc. v. Federal Deposit Insurance Corporation,* 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942). However, in that case, the maker of note had an understanding and secret agreement with the bank that no suit would be brought on the note, thus lending itself, perhaps innocently, to a scheme or arrangement to mislead the bank examiners. There was no suggestion in that case that the defense of fraud in the factum, as claimed by Parker in this case, was being abolished. We conclude that Parker has, by the proof submitted with his response, raised a genuine issue as to his affirmative defense of fraud in the factum. We sustain Point of Error No. Two.

The summary judgment granted by the trial court is affirmed as to Jack Parker Industries, Inc., and as to the execution of the guaranty agreement by Jack Parker. The judgment as it relates to the affirmative defense of fraud in the factum is reversed and remanded for trial on the merits.