# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00361-CV

Hinojosa Auto Body & Paint, Inc., d/b/a Capital Collision, GP;
Eric A. Hinojosa & Erik Pampalone, Appellants

v.

FinishMaster, Inc., Appellee

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT
### NO. D-1-GN-07-004238, HONORABLE DARLENE BYRNE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellants Eric A. Hinojosa, Erik Pampalone, and Hinojosa Body & Paint, Inc., d/b/a

Capital Collision, GP,[1] seek review of the summary judgment granted by the trial court in favor of

appellee FinishMaster, Inc. Finding no error in the trial court's judgment, we affirm.

## BACKGROUND

FinishMaster supplies paint and other materials for auto body and paint businesses.

Capital Collision is in the auto body and paint business. Capital Collision entered into two customer

agreements with FinishMaster for the purchase of paint and materials for Capital Collision's

auto body and paint business.[2] These agreements covered separate locations of Capital Collision.

---

[1] We refer to the appellants collectively as "Capital Collision" unless stated otherwise.

[2] Hinojosa and Pampalone also signed credit application requests in which they personally guaranteed the full and prompt payment of all amounts due FinishMaster from Capital Collision.

The 2005 Agreement covered the Capital Collision located at 4304 Burch Drive in Del Valle, Texas, and was effective March 7, 2005. The 2006 Agreement covered the Capital Collision Express located at 10710 N. Lamar Boulevard in Austin, Texas, and was effective August 1, 2006. Under the terms of the agreements, FinishMaster sold paint and materials to Capital Collision on account and provided monthly account statements identifying the outstanding balance owed to FinishMaster. The monthly statements requested payment of the entire outstanding balance by the end of each month.

When Capital Collision failed to pay the outstanding balance owed to FinishMaster, FinishMaster terminated the agreements and sought liquidated damages as provided for in paragraph 8 of the agreements.[3] FinishMaster sought $30,000.00 in liquidated damages under the

---

[3] Paragraph 8 of the 2005 Agreement provides in relevant part:

8.  TERMINATION AND LIQUIDATED DAMAGES  This agreement may be terminated by a non-breaching party upon breach of this Agreement by the other party if such breach is not cured within ninety (90) days written notice by the non-breaching party. If this Agreement should be terminated, neither party shall be held liable for further purchases or discounts, as applicable. In the event of a termination of this Agreement, Customer shall be responsible within ten business days of the date of termination for the following:
    • Payment of all outstanding invoices.
    • Return of the Equipment Investment to Jobber in good working order.
    • Payment of Two Thousand, Three Hundred Ninety-Six and 00/100 Dollars ($2,396.00) to Jobber for the Material Investment or return an equivalent value of saleable and merchandisable material . . . .
    • Payment of liquidated damages ("Liquidated Damages") to Jobber. Liquidated Damage[s] shall be calculated at 100% of the Jobber Credit. Customer agrees that the damages resulting from a breach are uncertain and difficult to ascertain and that the payment of Liquidated Damages is a reasonable measure of Jobber's damage upon termination of this Agreement and that such remedy shall be in addition to any others available Jobber at law or in equity.

2005 Agreement and payment of the outstanding balance of $3,749.59, plus $60,757.53 in liquidated damages under the 2006 Agreement.

FinishMaster filed suit on a sworn account against Hinojosa, Pampalone, and Capital Collision. FinishMaster also asserted breach of contract claims and sought judgment in the amount

---

This paragraph appears with slight variations in both of the agreements between Capital Collision and FinishMaster. In the 2006 Agreement, paragraph 8 reads:

> 8. TERMINATION AND LIQUIDATED DAMAGES This agreement shall terminate upon the earlier of: (a) the expiration of the Term, (b) the failure to make any payments required under this Agreement . . . . Upon the termination of this Agreement, neither party shall be held liable for further purchases, rebates, credits or discounts, as applicable. In the event of a termination of this Agreement, Customer shall be responsible within ten business days of the date of termination for the following:
> - Payment of all outstanding invoices.
> - Return of the Equipment Investment to Jobber in good working order.
> - Payment of Three Thousand Four Hundred and 00/100 Dollars ($3,400.00) to Jobber for the Material Investment or return an equivalent value of saleable and merchandisable material . . . .
> - Payment of liquidated damages ("Liquidated Damages"). Liquidated Damages are payable to Jobber only if this Agreement terminates for reasons other than the expiration of the Term. Liquidated Damage[s] shall be calculated at 100% of the Jobber Credit. Liquidated Damages shall be reduced over the Purchase Requirement by Sixty-Two an 24/100 Dollars ($62.24) for every One Thousand and 00/100 Dollars ($1,000.00) of paint and material purchased and paid for by the Customer. These product purchases shall be calculated at invoice prices (refinish prices minus any point-of-sales discounts). Customer agrees that the damages resulting from a breach are uncertain and difficult to ascertain and that the payment of Liquidated Damages is a reasonable measure of Jobber's damage upon termination of this Agreement and that such remedy shall be in addition to any others available Jobber at law or in equity.

3

of $94,507.12, plus attorney's fees and costs. In response to FinishMaster's suit, Capital Collision filed an unsworn general denial.[4]

FinishMaster filed a motion for summary judgment on January 25, 2008, which was heard by the trial court on February 28, 2008. Although the record reflects that Capital Collision received notice of the summary judgment hearing, no one appeared at the hearing on behalf of Capital Collision. During the hearing, the trial court took judicial notice of the court's file and noted for the record that "the last item filed of record [wa]s the plaintiff's motion for summary judgment on January [2]5, 2008. No response appears after that filing."

With respect to FinishMaster's motion to supplement its summary judgment evidence, FinishMaster requested the trial court to supplement the summary judgment evidence attached to FinishMaster's motion for summary judgment[5] with Exhibits A through H that had been attached to FinishMaster's original petition. The trial court took judicial notice of the court's file and the fact that Exhibits A through H were attached to FinishMaster's original petition, which was served on Capital Collision on December 20, 2007. The trial court granted FinishMaster's motion for leave to supplement its summary judgment evidence.

At the conclusion of the hearing, the trial court granted summary judgment in favor of FinishMaster on all claims. The trial court's judgment awarded FinishMaster the sum of $94,507.12,

---

[4] Capital Collision filed its unsworn general denial on January 7, 2008.

[5] The only exhibit attached to FinishMaster's motion for summary judgment was Exhibit J, the Affidavit of Joe Lea, regarding attorney's fees.

plus pre- and post-judgment interest,[6] plus attorney's fees of $9,535.00, plus expenses and court costs of $439.00. The trial court's judgment stated, "This judgment is final and disposes of all claims and all parties and is appealable."

Unbeknownst to either FinishMaster or the trial court, Capital Collision tendered several pleadings for electronic filing with the trial court in the early morning hours of February 28, 2008—the day of the summary judgment hearing. Included among the pleadings offered by Capital Collision on the day of the hearing were: (i) Defendant's First Amended Answer to Plaintiff's Original Petition; (ii) Defendant's Counterclaim; (iii) Defendant's Motion to Reset Summary Judgment Hearing and Alternatively Motion for Continuance of Plaintiff's Motion for Summary Judgment; and (iv) Defendant's Objections to Plaintiff's Summary Judgment Evidence, and Motion for Leave to File Preliminary Response to Plaintiff's Motion for Summary Judgment. The record reflects that these pleadings were accepted for filing, but the record demonstrates that the trial court was not aware of and did not consider any of the pleadings filed by Capital Collision when it granted summary judgment in favor of FinishMaster at the hearing on February 28, 2008.

Capital Collision filed a motion to reconsider and/or motion for new trial on March 28, 2008, which was overruled by operation of law. This appeal followed.

## DISCUSSION

In six issues, Capital Collision argues that the trial court erred in granting summary judgment in favor of FinishMaster. Capital Collision contends that the trial court erred

---

[6] The trial court's judgment awarded pre-judgment interest of $1,164.75, plus post-judgment interest "at the highest rate allowed by law per annum from the dated this judgment is signed until this judgment is paid."

because FinishMaster failed to meet its burden of showing there was no genuine issue of material fact on its breach of contract claims or its suit on a sworn account. Capital Collision also contends that the trial court's judgment was in error because it does not dispose of all claims—namely, a counterclaim filed by Capital Collision on the morning of the summary judgment hearing—and, therefore, was not a final judgment. In addition, Capital Collision contends that the trial court abused its discretion in denying Capital Collision leave to supplement the summary judgment evidence on the day of the summary judgment hearing, in overruling Capital Collision's objections to FinishMaster's summary judgment evidence, and in failing to grant a continuance requested by Capital Collision. For the reasons explained below, we conclude these claims are without merit.

### Standard of Review

We review *de novo* the trial court's grant of summary judgment. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156 (Tex. 2004). Summary judgment under rule 166a(c) is proper when a movant establishes that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995). A plaintiff, as movant, can satisfy this burden by conclusively proving all elements of its cause of action. *See* Tex. R. Civ. P. 166a(c); *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222-223 (Tex. 1999); *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996). In deciding whether there is a disputed issue of material fact precluding summary judgment, we take evidence favorable to the nonmovant as true, indulge every reasonable inference in favor of the nonmovant, and resolve any doubts in the nonmovant's favor. *Shah v. Moss*, 67 S.W.3d 836, 842 (Tex. 2001).

6

We review the trial court's evidentiary rulings for abuse of discretion. *See Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 906 (Tex. 2000); *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998). A trial court abuses its discretion when it acts "without regard for any guiding rules or principles." *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 754 (Tex. 1995). An appellate court must uphold the trial court's evidentiary ruling if there is any legitimate basis for the ruling. *See State Bar of Texas v. Evans*, 774 S.W.2d 656, 658 n.5 (Tex. 1989). Moreover, we will not reverse a trial court for an erroneous evidentiary ruling unless the error probably caused the rendition of an improper judgment. *See* Tex. R. App. P. 44.1; *see also Gee v. Liberty Mut. Fire Ins. Co.*, 765 S.W.2d 394, 396 (Tex. 1989).

Similarly, we review the trial court's denial of a motion for continuance under a clear-abuse-of-discretion standard. *Two Thirty Nine Joint Venture*, 145 S.W.3d at 161; *Hernandez v. Heldenfels*, 374 S.W.2d 196, 202 (Tex. 1963). We will not disturb the trial court's denial of a requested continuance unless the record discloses a clear abuse of discretion. *Two Thirty Nine Joint Venture*, 145 S.W.3d at 161.

### *Was the trial court's judgment final?*

As a preliminary matter, we first consider Capital Collision's third issue claiming that the trial court's judgment was not final because it did not dispose of all claims. Capital Collision asserts that the trial court's judgment is not a final judgment because it fails to dispose of the counterclaim raised by Capital Collision in its amended pleadings filed on February 28, 2008—the day of the summary judgment hearing.

The rules of civil procedure allow parties to amend their pleadings "provided, that any pleadings, responses, or pleas offered for filing within seven days of the date of trial or thereafter, or after such time as may be ordered by the judge under Rule 166, shall be filed only after leave of the judge is obtained." Tex. R. Civ. P. 63. The rules thus require a party to seek leave of court before filing an amended pleading within seven days of trial.[7] *Id.*; *see also* Tex. R. Civ. P. 166a(c). The rules further provide that leave shall be granted "unless there is a showing that such filing will operate as a surprise to the opposite party." Tex. R. Civ. P. 63; *see also Chapin & Chapin v. Texas Sand & Gravel Co.*, 844 S.W.2d 664, 665 (Tex. 1992). In *Chapin & Chapin v. Texas Sand & Gravel Co.*, the supreme court explained that the trial court lacks discretion to deny amendments to the pleadings where the change is merely procedural and does not change the substantive issues for trial. 844 S.W.2d at 664-65 (allowing amendment to add verified denial to answer).[8] Where the amendment is substantive in nature and alters the issues for trial, the trial court retains discretion to deny leave to amend. *Id.*; *Hardin v. Hardin*, 597 S.W.2d 347, 349-50 (Tex. 1980) (affirming denial of leave to amend on day of trial to add affirmative defenses). Moreover, when a trial court refuses amendments introducing new substantive matters, the burden of showing an abuse of discretion is on the complaining party, rather than on the opposite party to show surprise. *Hardin*, 597 S.W.2d at 349.

---

[7] A summary judgment proceeding is a trial within the meaning of rule 63. *See IKB Indus., Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 441 (Tex. 1997).

[8] To the extent it can be argued that a trial court abuses its discretion in failing to grant leave to file an amended answer to include a verification, we do not construe Capital Collision to make that argument on appeal. In any event, we address that issue more fully below in our discussion whether the trial court properly granted summary judgment in favor of FinishMaster.

Capital Collision does not dispute that its amended pleadings were substantive in nature. Capital Collision argues instead that the trial court impliedly considered the amended pleadings because the judgment states that the trial court considered the pleadings and evidence on file. Therefore, according to Capital Collision the trial court's judgment could not be final because it did not dispose of all claims—i.e., the judgment did not dispose of Capital Collision's counterclaim.

In support of this argument, Capital Collision relies on *Goswami v. Metropolitan Savings & Loan Association*, 751 S.W.2d 487 (Tex. 1988). In *Goswami*, the supreme court held the failure to obtain leave of court when filing a late pleading could be cured if the trial court considered the amended pleading. *Id.* at 490. The record in *Goswami* did not reflect whether leave of court was requested or granted. *Id.* Likewise, there was no indication in *Goswami* that the trial court refused leave to file, and the record did not include a motion to strike the amended petition. *Id.* The amended petition was part of the record that was before the trial court, and the trial court's judgment stated all pleadings on file were considered. *Id.* Because there was no basis in the record for the reviewing court to conclude that the trial court did not consider the amended petition and there was no showing of surprise or prejudice, the supreme court presumed that leave to amend was granted and concluded that the amended petition was properly before the trial court. *Id.* at 490-91.

Unlike *Goswami*, however, the record in this case demonstrates that the trial court did not consider Capital Collision's amended pleadings when it granted summary judgment in favor of FinishMaster. At the summary judgment hearing, the trial court took judicial notice of the

9

court's file and found that nothing had been filed in the case since January 25, 2008—the date FinishMaster filed its motion for summary judgment. Despite the language in the trial court's judgment that it considered the pleadings and evidence on file, the record is clear that the trial court did not consider Capital Collision's amended pleadings filed on the day of the summary judgment hearing. Based on the record before us, we cannot presume that the trial court granted leave of court to file Capital Collision's amended pleadings. *Cf. Goswami*, 751 S.W.2d at 490-91 (presuming leave of court was granted in the absence of contrary evidence). We conclude that Capital Collision's amended pleadings were not properly before the trial court and, therefore, the trial court's judgment was final because it disposed of all claims properly before it. We overrule Capital Collision's third issue.

### *Was summary judgment proper?*

In its first and second issues, Capital Collision argues that the trial court erred in granting summary judgment to FinishMaster because FinishMaster failed to carry its burden of demonstrating there was no genuine issue of material fact on its suit on a sworn account and its claims for breach of contract. FinshMaster counters that the trial court's grant of summary judgment was proper because FinishMaster provided *prima facie* evidence of its suit on a sworn account, and Capital Collision failed to file a timely sworn denial of FinishMaster's claim; therefore, the trial court properly granted summary judgment on FinishMaster's claims.

#### *Suit on a sworn account*

Our review of the trial court's grant of summary judgment in favor of FinishMaster

on its suit on a sworn account, although *de novo*, is limited by the record before us. *See Panditi v. Apostle*, 180 S.W.3d 924, 927 (Tex. App.—Dallas 2006, no pet.); *Price v. Pratt*, 647 S.W.2d 756, 757 (Tex. App.—Corpus Christi 1983, no writ). As a general rule, pleadings alone do not constitute summary judgment evidence. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). Sworn account cases are one exception to this general rule because the pleadings in such cases can form the basis for summary judgment. *Andrews v. East Tex. Med. Ctr.*, 885 S.W.2d 264, 267 (Tex. App.—Tyler 1994, no writ); *Enernational Corp. v. Exploitation Eng'rs, Inc.*, 705 S.W.2d 749, 750 (Tex. App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.). It is within the province of a reviewing court to determine, as a matter of law, whether the pleadings are sufficient on their face to constitute a sworn account. *See Price*, 647 S.W.2d at 757. If there is a deficiency in the plaintiff's sworn account, the account will not constitute *prima facie* evidence of the debt. *Powers v. Adams*, 2 S.W.3d 496, 498 (Tex. App.—Houston [14th Dist.] 1999, no pet.).

To establish a *prima facie* case with sufficient evidence supporting a suit on a sworn account, the movant must strictly follow the procedures outlined in the Texas Rules of Civil Procedure. *See* Tex. R. Civ. P. 93(10), 166a, 185; *Achimon v. J.I. Case Credit Corp.*, 715 S.W.2d 73, 76 (Tex. App.—Dallas 1986, writ ref'd n.r.e.). Rule 185 requires the plaintiff's petition in a suit on a sworn account to include a systematic, itemized statement of the goods or services sold. Tex. R. Civ. P. 185. The petition must also reveal any offsets applied to the account, and it must be supported by an affidavit stating that the claim is "just and true" and within the affiant's knowledge. *Id.* If properly filed, the plaintiff's petition and affidavit supporting that petition become *prima facie* evidence of the debt.

11

The record demonstrates that FinishMaster's petition included a systematic, itemized statement of the goods sold to Capital Collision and the amount due and payable under the open account, including the offsets applied to the account.[9] FinishMaster's petition was supported by the affidavit of John C. Jenkens, FinishMaster's National Credit Manager. In his affidavit, Jenkens averred that the amount owed by Capital Collision was just and true, that all offsets had been applied, and that the facts regarding the account were within his personal knowledge. On this record, we conclude FinishMaster's petition complied with the rules of civil procedure and, therefore, established *prima facie* evidence of the $3,749.59 debt owed by Capital Collision.

In the same context, the rules of civil procedure require a defendant to file a written sworn denial of the account supported by an affidavit. Tex. R. Civ. P. 93(10); *see Andrews*, 885 S.W.2d at 267. Where the plaintiff's petition is verified in accordance with rule 185 of the Texas Rules of Civil Procedure, *see* Tex. R. Civ. P. 185, and copies of the contract and account are attached and incorporated, summary judgment is proper if the defendant does not file a timely sworn denial. *Powers*, 2 S.W.3d at 499; *Larcon Petroleum, Inc. v. Autotronic Sys., Inc.*, 576 S.W.2d 873, 877 (Tex. App.—Houston [14th Dist.] 1979, no writ). The defendant's sworn written denial must comply with rules 93(10) and 185. Tex. R. Civ. P. 93(10), 185; *Andrews*, 885 S.W.2d 267. In the absence of a properly filed written denial under oath, a defendant will not be permitted to deny

---

[9] The balance owed by Capital Collision on the open account was $3,749.59. Thus, we construe FinishMaster's suit on a sworn account as seeking to recover this amount. To the extent FinishMaster sought liquidated damages of $30,000 under the 2005 Agreement and $60,757.53 under the 2006 Agreement, we construe FinishMaster's suit to seek those damages as part of its breach of contract claims.

12

the receipt of services or the correctness of the charges. *Vance v. Holloway*, 689 S.W.2d 403, 404 (Tex. 1985); *Rizk v. Financial Guardian Ins. Agency, Inc.*, 584 S.W.2d 860, 862 (Tex. 1979).

Capital Collision argues that the trial court improperly granted summary judgment because Capital Collision filed a sworn written denial on the morning of the summary judgment hearing. FinishMaster counters that Capital Collision's amended answer, including Capital Collision's sworn written denial, was untimely filed and not properly before the trial court. FinishMaster also asserts that even if Capital Collision's amended answer was timely filed and properly before the trial court, the trial court did not err in granting summary judgment because Capital Collision's amended answer does not comply with the rules of civil procedure. We agree with FinishMaster.

As previously discussed, the rules of civil procedure require a party to seek leave of court to file an amended pleading within seven days of trial. Tex. R. Civ. P. 63, 166a(c). The record reflects that Capital Collision did not seek leave of court to file an amended pleading within seven days of the summary judgment hearing. Because Capital Collision did not seek leave of court to file an amended pleading, we conclude Capital Collision's amended answer was untimely filed and, therefore, was not properly before the trial court. Tex. R. Civ. P. 63, 166a(c).

Moreover, the amended answer is verified by Capital Collision's counsel, not by Capital Collision. Although the rules of civil procedure allow an attorney to verify a pleading in some cases, *see* Tex. R. Civ. P. 14, a party responding to a suit on a sworn account must comply with rules 93(10) and 185. A party's attorney may verify a pleading by affidavit only where he has personal knowledge of the facts, not based merely on his status as counsel. *See Humphreys*

13

*v. Caldwell*, 888 S.W.2d 469, 470 (Tex. 1994) (affidavit insufficient where not based on personal knowledge); *Cantu v. Holiday Inns, Inc.*, 910 S.W.2d 113, 116 (Tex. App.—Corpus Christi 1995, writ denied) (showing of personal knowledge required); *see also Gorrell v. Tide Prods., Inc.*, 532 S.W.2d 390, 395 (Tex. App.—Amarillo 1975, no writ) (company officer who does not have personal knowledge of certain matters cannot deny them under oath, since matters would be hearsay to him). Aside from counsel's statement that "I have personal knowledge of the facts states herein," nothing in the verification demonstrates the basis of counsel's personal knowledge. The plain language of the verification confirms that counsel merely has personal knowledge that the allegations in FinishMaster's original petition are denied. Based on the plain language of the affidavit, we conclude counsel's purported verification does not comply with rules 93(10) and 185. *See* Tex. R. Civ. P. 93(10), 185; *Cantu*, 910 S.W.2d at 116; *Gorrell*, 532 S.W.2d at 395.

In the absence of a timely filed sworn denial in compliance with rules 93(10) and 185, Capital Collision could not deny FinishMaster's suit on a sworn account, and FinishMaster was entitled to summary judgment as a matter of law. *See Hidalgo*, 462 S.W.2d at 543 n.1; *Andrews*, 885 S.W.2d at 268; *Cooper*, 838 S.W.2d at 745. We overrule Capital Collision's first issue.

*Breach of contract*

In its second issue, Capital Collision challenges the trial court's judgment on FinishMaster's breach of contract claims. Capital Collision did not file a response to FinishMaster's motion for summary judgment. Instead, the record demonstrates that Capital Collision filed a document entitled "Defendant's Objections to Plaintiff's Summary Judgment Evidence, and Motion for Leave to File Preliminary Response to Plaintiff's Motion for Summary Judgment."

14

Capital Collision did not file this document until the early morning hours of February 28, 2008—the day of the summary judgment hearing. Capital Collision did not bring this motion to the trial court's attention, and the record is clear that the trial court did not consider Capital Collision's motion for leave to file preliminary response to FinishMaster's motion for summary judgment. Because the motion was not brought to the trial court's attention, the trial court was not required to consider it. *See Eddleman v. McGlathery*, 11 S.W. 1100, 1101 (Tex. 1889) (court was not bound to consider motion "merely filed with the clerk"); *Risner v. McDonald's Corp.*, 18 S.W.3d 903, 909 (Tex. App.—Beaumont 2000, pet. denied) (court not required to consider motion not called to its attention); *Greenstein, Logan & Co. v. Burgess Mktg., Inc.*, 744 S.W.2d 170, 179 (Tex. App.—Waco 1987, writ denied) (same).

Nevertheless, a trial court may not grant summary judgment by default on the grounds that a defendant has failed to file a response to the motion when the movant's summary judgment proof is insufficient. *Clear Creek Basin Auth.*, 589 S.W.2d at 678. Summary judgments must stand on their own merits and, as a reviewing court, we need only decide whether the movant's summary judgment proof was legally sufficient to establish all essential elements of the cause of action as a matter of law. *Id.* With the exception of legal sufficiency, a nonmovant who fails to respond to a summary judgment motion may not urge new grounds for reversal on appeal. *Id.*

In addition to its suit on a sworn account, FinishMaster alleged breach of contract claims and sought liquidated damages of $30,000 under the 2005 Agreement and $60,757.53 under the 2006 Agreement. The elements of breach of contract include the existence of a valid contract, performance or tender of performance by the plaintiff, failure or refusal to perform by the defendant,

15

and damage to the plaintiff as a result of the defendant's breach. *Taub v. Houston Pipeline Co.*, 75 S.W.3d 606, 615 (Tex. App.—Texarkana 2002, pet. denied). The record demonstrates that FinishMaster established the existence of two valid, enforceable contracts between Capital Collision and FinishMaster. The record further demonstrates that FinishMaster performed under the contracts by delivering paint and other related materials and equipment to Capital Collision and that Capital Collision breached the contracts by failing to make timely payments. The record also includes evidence of the damages suffered by FinishMaster as a result of Capital Collision's breach, including liquidated damages, costs of court, attorney's fees, and expenses. In the absence of a response by Capital Collision, FinishMaster's summary judgment evidence was uncontroverted. Based on the record before us, we conclude FinishMaster demonstrated there was no genuine issue of material fact and that it was entitled to summary judgment on its breach of contract claims as a matter of law. *See Clear Creek Basin Auth.*, 589 S.W.2d at 678-79. We overrule Capital Collision's second issue.

### *Evidentiary rulings and failure to grant motion for continuance*

In three remaining issues, Capital Collision contends that the trial court abused its discretion in allowing FinishMaster to supplement its summary judgment evidence on the day of the hearing, in overruling Capital Collision's objections to FinishMaster's summary judgment evidence, and in failing to grant a continuance. We review the trial court's rulings on these matters for abuse of discretion. *Horizon/CMS Healthcare Corp.*, 34 S.W.3d at 906 (evidentiary rulings); *Two Thirty Nine Joint Venture*, 145 S.W.3d at 161 (denial of continuance). Although Capital Collision raised its objections to FinishMaster's summary judgment evidence by motion filed on the day of the summary judgment hearing, Capital Collision did not bring its motion to the attention of the

trial court. The same is true for Capital Collision's motion for continuance—although the motion was filed with the clerk of the trial court on the day of the summary judgment hearing, Capital Collision did not bring the motion for continuance to the trial court's attention. The filing of a motion with the court clerk does not establish the motion was brought to the attention of the trial court. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). The clerk's knowledge of the motion is not imputed to the trial court. *Id.* The record in this case is clear that the trial court was unaware of and did not consider Capital Collision's objections to FinishMaster's summary judgment evidence or the motion for continuance. Because these matters were not brought to the trial court's attention, the trial court was not required to consider them. *See Eddleman*, 11 S.W. at 1101; *Risner*, 18 S.W.3d at 909; *Greenstein, Logan & Co.*, 744 S.W.2d at 179. On this record, we cannot say that the trial court abused its discretion in failing to consider matters that were never brought to its attention. We overrule Capital Collision's fourth, fifth, and sixth issues.

## CONCLUSION

Having overruled Capital Collision's issues on appeal, we affirm the trial court's grant of summary judgment in favor of appellee FinishMaster, Inc.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Waldrop and Henson

Affirmed

Filed:   December 12, 2008

17