Janie CANTU, Appellant,

v.

HOLIDAY INNS, INC., Appellee.

No. 13–94–002–CV.

Court of Appeals of Texas, Corpus Christi.

Oct. 19, 1995.

Rehearing Overruled Nov. 16, 1995.

Kelly K. McKinnis, McAllen, Eloy Sepulveda, Weslaco, for appellant.

Nora Longoria Morgan, McAllen, Rodney W. Sipes, Garcia & Ramirez, McAllen, for appellee.

Before DORSEY, FEDERICO G. HINOJOSA, Jr., and RODRIGUEZ, JJ.

## OPINION ON MOTION FOR REHEARING

DORSEY, Justice.

We issued our original opinion in this case on August 24, 1995. Appellant subsequently filed a motion for rehearing. We withdraw our original opinion and substitute the following as the opinion of the Court.

Janie Cantu appeals the granting of summary judgment in favor of Holiday Inns, Inc. claiming that the movant's proof was technically and procedurally defective and thus insufficient to support the summary judgment. We affirm.

### Procedural History

Cantu fell at a hotel in McAllen, Texas, and sued Holiday Inns, Inc. for her personal injuries. In answer, Holiday Inns filed a general denial and asserted several affirmative defenses, including that it was not liable in the capacity in which it was sued. That pleading was not verified. Rule 93 requires such defenses be asserted by verified pleading. TEX.R.CIV.P. 93.

Holiday Inns filed its motion for summary judgment on the ground that it was merely the licensor of the hotel, that it did not operate or own the facility, and that it had no control over the premises. Attached to the motion was the affidavit of Roy Flora, Director of Business Relations for Holiday Inns, Inc., and a copy of the licensing agreement. The motion was filed May 25, 1993. The hearing was set for June 30, 1993. On June 25, 1993, Holiday Inns filed a supplemental motion for summary judgment in which it advised the court that the deposition of Larry Bottom, General Manager of the hotel in which Ms. Cantu fell, would be filed as soon as it was transcribed and that Holiday Inns intended to rely on the deposition as part of its summary judgment proof. The deposition was transcribed and delivered to Cantu on June 28 and filed with the court on June 30. On June 29, 1993, Cantu filed her response to Holiday Inns' motion. On June 30, 1993, Holiday Inns filed an amended answer which was verified by counsel.

The parties appeared on June 30 and again on July 1. Because of the lateness of filing of various evidence and responses, the trial court re-set the hearing for August 2 to cure the timeliness defects.

Holiday Inns filed the affidavit of Max Gayler on July 22, 1993 in further support of their motion. On August 2, the parties appeared again and the court took the matter under advisement. On August 4, the trial court granted summary judgment.

### Summary Judgment Standard of Review

We review the granting of summary judgment to determine whether the summary judgment proof establishes as a matter of

law that there is no genuine issue of material fact as to one or more of the essential elements of the plaintiff's cause of action or whether the defendant has established all elements of his affirmative defense. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970). The movant has the burden to show that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. In deciding the motion for summary judgment, all evidence favorable to the non-movant will be taken as true and all reasonable inferences must be indulged in favor of the non-movant. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). Summary judgment may be granted only on the grounds specified in the motion. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 677 (Tex. 1979). In this case, the only ground alleged was that Holiday Inns was not a proper party.

### 1. Pleading

Appellant asserts error claiming the pleadings of appellee were insufficient to place in issue the defects in parties because (1) the pleading was not verified in accordance with Rule 93, and (2) the verification was defective.

Rule 93 of the Texas Rules of Civil Procedure requires certain pleas to be verified, including those asserting that the defendant is not liable in the capacity in which he is sued or that there is a defect of parties. TEX.R.CIV.P. 93(2), (4). The appellee initially pled its lack of control or ownership, and that it was not liable in the capacity in which it was sued, but did not verify it. However, appellant amended its answer more than a month before the August 2 hearing to plead that it was not a proper party defendant (and dropping its capacity pleading) and the amendment included a verification.

We hold the amendment of the pleading was timely, being done more than 7 days before the hearing that resulted in summary judgment. TEX.R.CIV.P. 63. Although the hearing was set and reset several times, usually to allow the parties to cure problems with the summary judgment proof, the key date for purposes of Rule 63 was the date of the final hearing from which the summary judgment sprang. *See Rose v. Kober Financial Corp.*, 874 S.W.2d 358, 361 (Tex.App.—Houston [14th Dist.] 1994, no writ).

Appellant asserts in her motion for rehearing that the verification is improper in the amended pleading, so as to render the pleading insufficient to put the matter of defect in parties in issue, or to provide sufficient allegations to allow appellee to submit summary judgment proof. Appellant cites the decision of the El Paso Court of Appeals in *Reyna v. Nat. Union Fire Ins. of Pittsburgh*, 883 S.W.2d 368 (Tex.App.—El Paso 1994), *rev'd on other grounds*, 897 S.W.2d 777 (Tex.1995). *Reyna* involved an appeal from a judgment of the Texas Workers' Compensation Commission in favor of the employee claimant. The El Paso court reversed the trial court's take-nothing judgment in favor of the insurer, ruling that the insurer's verified pleading was supported by an inadequate affidavit under TEX.R.CIV.P. 93(13). *Reyna*, 883 S.W.2d at 372, 373.

In *Reyna*, the affidavit of the insurance company's lawyer stated that "the foregoing statements and denials ... of [the insurance company]'s answer are true." *Id.* at 370. Recognizing a split in authority among the courts of appeal concerning the requirement that such affidavits assert that they are based on personal knowledge, the court of appeals reversed and remanded the case on the ground that the affidavit did not show that the attorney had personal knowledge. *Id.* at 371, 373.

The Texas Supreme Court agreed with the El Paso court that the affidavit was not made with personal knowledge, but reversed the court of appeals' judgment because it determined that subsection (g) of Rule 93(13), which allows a denial to be made on information and belief, was the controlling section of the Rule. *Nat. Union Fire Ins. v. Reyna*, 897 S.W.2d 777, 778–779 (Tex.1995).

The court of appeals in *Reyna* noted this court's opinion in *Edinburg Meat Products Co. v. Vernon Co.*, 535 S.W.2d 432 (Tex.Civ. App.—Corpus Christi 1976, no writ). In that suit on a sworn account, we required strict adherence to the rules concerning such suits.

We determined that the requirements of a verified denial of sworn account were not met, in that:

> [T]here [was] no showing that A.J. Vale, who signed the pleading and made the jurat affixed thereto, had any personal knowledge of the facts stated in the body of the pleading. Without such assertion of personal knowledge by the affiant, the requirements of a verified denial are not met.

*Edinburg Meat Products,* 535 S.W.2d at 436.[1]

The El Paso court cited *Edinburg Meat Products* for the proposition that, absent an assertion by the affiant of his personal knowledge, there was not an effective verification under the rules. *Reyna,* 883 S.W.2d at 371. We would note, however, that *Edinburg Meat Products* dealt specifically with a suit on sworn account. Suits on account are subject not only to the requirements of Rule 93, but also to Rule 185, which requires the support of an affidavit showing that the information therein is "within the knowledge of affiant, just and true." TEX.R.CIV.P. 185. While we therefore agree with our sister court that Rule 93(13), which explicitly provides for verifications upon information and belief, logically indicates that the remainder of Rule 93 requires a verification based upon personal knowledge, we do not believe that our holding in *Edinburg Meat Products* requires explicit assertions of personal knowledge in all verifications under Rule 93.

We further agree with the El Paso court's determination that, although no recital of personal knowledge is necessary, there must at least be a *showing* that the affidavit was based on personal knowledge. As the court in *Reyna* stated, "it is the substance and not the form of an affidavit that is important." *Reyna,* 883 S.W.2d at 371.

In the case at bar, appellee's counsel verified the amended pleading as follows:

> BEFORE ME, personally appeared on this day NORA LONGORIA MORGAN, who, after being duly sworn by me, on her oath, stated that she is the attorney for the Defendant, and that the matters set forth Defendant's First Amended Original Answer are true and correct.

> signed /s/ Nora Longoria Morgan

SUBSCRIBED AND SWORN TO BEFORE ME on this 29th day of June, 1993.

■ There is no particular form of verification required, but a verification must be based on personal knowledge. *Durrett v. Boger,* 234 S.W.2d 898, 900 (Tex.Civ.App.—Texarkana 1950, no writ). A party's attorney may verify the pleading where he has knowledge of the facts, but does not have authority to verify based merely on his status as counsel. *See* TEX.R.CIV.P. 14; *Gorrell v. Tide Prod., Inc.,* 532 S.W.2d 390, 395 (Tex. Civ.App.—Amarillo 1975, no writ) (holding that a company officer who did not have personal knowledge of certain matters could not deny them under oath since they would be hearsay as to him). Here, counsel does not show any basis in the pleading or in her affidavit for her personal knowledge of relevant facts. We therefore agree with appellant that counsel's verification is insufficient to meet the requirements of Rule 93.

We do not, however, agree that this failure in verification necessarily calls for reversal of the summary judgment below. Rule 93 requires that pleadings setting up a defect in parties must be verified, "unless the truth of such matters appear of record." TEX. R.CIV.P. 93. Appellee argued in its brief to this court that if the truth of appellee's asserted defect in parties appears "of record," the defect in the verification is insignificant.

There is a dearth of case law in Texas dealing with the "of record" exception to the verification requirement in Rule 93. However, in *Lechuga v. Texas Employers' Ins. Assn.,* 791 S.W.2d 182 (Tex.App.—Amarillo 1990, writ denied), a workers' compensation case, the Amarillo Court of Appeals determined that the summary judgment record established conclusively that the appellant's suit was not filed in a timely manner, and therefore that the trial court was correct in

---

1. The extent of our desire to maintain strict adherence to the letter of the rules is exemplified in our opinion's focus on defects in the denial, such as it stating that the claim "is not just *and* true," while the rules require that the denial state that each and every item of the claim is not just *or* true. *Id.*

granting summary judgment against the appellant. *Lechuga*, 791 S.W.2d at 185. In its opinion on Motion for Rehearing, the Amarillo court rejected the appellant's assertion that the "of record" exception in Rule 93 does not apply to summary judgment proceedings. *Id.* (On Motion for Rehearing). The court rejected the appellant's claim that, since Rule 93 is a pleading rule, the phrase "unless the truth of such matters appear of record" applies only to the pleadings in the case in chief, not to summary judgment pleadings and evidence or to other evidence in the record.

We agree with the Amarillo court, and hold that if the asserted defect in parties appears of record in the summary judgment evidence in the case at bar, no verification is necessary.

### 2. Summary Judgment Proof

The summary judgment was finally heard on August 2. We consider that all of the summary judgment evidence and Cantu's response were timely filed as to the August setting except the affidavit of Max Gayler.

The summary judgment proof included the deposition of Larry Bottom and attachments. Mr. Bottom, general manager of the McAllen hotel, testified that the hotel was not owned by Holiday Inns, Inc., that it was owned by his employer Swan Court Hotels, Inc. and that the only relationship Holiday Inns, Inc. had to the hotel was that of licensor. Mr. Bottom stated in his deposition that he was an employee of Swan Court Hotels, had been general manager of the hotel for five and a half years, and that his paychecks and those of the other employees of the hotel were issued by Swan Court Hotels. He stated that he did not consider Holiday Inns, Inc. to be his "boss" in any way. He further stated that, if Holiday Inns, Inc. were to cancel the licensing agreement and remove its insignia, there would be nothing to stop Swan Court Hotels from continuing to operate the hotel under a different name. He stated that his supervisor is Mr. Mark Langdale, president of Swan Court Hotels. He stated that the only relationship between Holiday Inns, Inc. and Swan Court Hotels was the licensing agreement, and that he was familiar with

that agreement. He also stated that he was familiar with various fees paid by the hotel to Holiday Inns, Inc., and described how those fees are calculated.

While a party may not verify something simply because of his status, *see Gorrell v. Tide Prod., Inc.*, 532 S.W.2d 390, 395 (Tex.Civ.App.—Amarillo 1975, no writ) (holding that a company officer who did not have personal knowledge of certain matters could not deny them under oath since they would be hearsay as to him), it is clear that Mr. Bottoms had personal knowledge that he was in fact an employee of Swan Court and not Holiday Inns, Inc. He had personal knowledge of the fact that Swan Court owned and operated his hotel, and was familiar with the working terms of the licensing agreement. He authenticated the licensing agreement attached to his deposition. There was no controverting evidence that Holiday Inns, Inc. did control, own, or operate the hotel. We hold that, under these circumstances, the truth of the assertion that Holiday Inns, Inc. is not a proper party to this lawsuit "appears of record." Verification of the pleading of defect in parties was therefore unnecessary.

Cantu contends that the Flora affidavit is improper because it is improperly verified and that the licensing agreement attached to the motion is improper summary judgment evidence because it was not authenticated. We do not reach the merits of those complaints because the Bottom deposition and attachments are sufficient to support the trial court's judgment.

### Conclusion

We hold that the trial court had uncontradicted evidence that Holiday Inns was not a proper party to this suit, and that the defense was both properly pled and proved. Appellant's sole point of error is overruled.

The JUDGMENT is AFFIRMED.