

## NUMBER 13-08-00336-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

**ELIA CORNEJO LOPEZ AND LEONEL LOPEZ,**               **Appellants,**

**v.**

**NORMA LINDA CASTELLANO,**                              **Appellee.**

---

### On appeal from the 138th District Court
### of Cameron County, Texas.

---

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion by Justice Rodriguez**

Appellants Elia Cornejo Lopez and Leonel Lopez appeal a summary judgment granted in favor of appellee Norma Linda Castellano on the Lopezes' conversion and common-law fraud claims. By six issues, the Lopezes contend that the trial court erred in

granting summary judgment because material fact issues remain. We affirm in part and reverse and remand in part.

## I. FACTUAL AND PROCEDURAL BACKGROUND[1]

South Texas ACP Management, LLC (South Texas ACP) was created in 2006 as a limited liability company. Cesar Roel Perez is the sole manager of South Texas ACP, and Castellano, Perez's mother-in-law, is a member—allegedly its sole member.

The Lopezes assert in their petition that, in May 2007, they were beginning negotiations with Perez and South Texas ACP to buy an interest in South Texas ACP. According to the petition, they discussed the expansion of the Playground Fun Center a/k/a Playground Action Park in Brownsville, Texas, which was to include the building of a skating rink facility adjacent to the existing facility. As set out in their petition, as a sign of good faith, Elia Lopez deposited $100,000 into a Wells Fargo Bank account; the funds were to be held in escrow until the Lopezes completed a due diligence investigation of the business.

After the Lopezes discovered that Perez allegedly made misrepresentations regarding the financial condition of South Texas ACP, the ownership of South Texas ACP's assets, and the existence of liens against South Texas ACP's assets, they demanded the return of their money. According to allegations in the petition, Perez and South Texas ACP failed to return the money and failed to provide an accounting.[2] On August 9, 2007, the

---

[1]Castellano filed no appellee's brief to assist us in the resolution of this case. Accordingly, we decide this appeal based on the brief filed by the Lopezes and the record before us.

[2]Although it is not clear from the record, it appears as if $50,000 of the $100,000 was placed in the registry of the trial court. The Lopezes have requested that the trial court release that money to them. The location or use of the remaining $50,000 is disputed.

Lopezes sued South Texas ACP, Perez, and Castellano for common-law fraud and conversion. On December 10, 2007, the Lopezes filed a second amended petition which added factual allegations regarding the fraud and conversion claims.

On December 14, 2007, Castellano filed a hybrid no-evidence and traditional motion for summary judgment.[3] The Lopezes responded, filing their response on February 5, 2008, and their supplemental response on February 11, 2008.[4] Both responses were filed timely—more than seven days before the summary judgment hearing. *See* TEX. R. CIV. P. 166a(c) ("Except on leave of court, the adverse party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response."); *Haynes v. City of Beaumont*, 35 S.W.3d 166, 172-73 (Tex. App.–Texarkana 2000, no pet.).

On February 11, 2008, the Lopezes also filed a third amended petition. In this petition, they added allegations of statutory fraud in a real estate transaction, *see* TEX. BUS. & COM. CODE ANN. § 27.01 (Vernon 2009), negligence, and gross negligence.[5]

On February 13, 2008, Castellano filed objections to the Lopezes' summary judgment evidence, and in the alternative, a reply to the Lopezes' response and supplemental response. Relevant to this appeal, Castellano specifically objected to Elia

---

[3]As evidence, Castellano attached her affidavit and the affidavit of Perez to her motion. She also attached excerpts of the Lopezes' deposition testimony and documents regarding South Texas ACP's formation, filing, and regulations.

[4]The Lopezes attached the following evidence to their response: (1) Elia Lopez's affidavit; (2) a 2006 Deed of Trust, Security Agreement, and Financing Statement (Deed of Trust); (3) one of South Texas ACP's interrogatory responses; (4) a copy of a check in the amount of $100,000 made payable to Cesar Perez; (5) a document titled "Roller Boogie"; and (6) a Wells Fargo Bank account transaction receipt and inquiry information on what appears to be the same account. No evidence was attached to the Lopezes' supplemental response.

[5]The Lopezes claim to have added civil conspiracy as a new cause of action in their third amended petition. However, only the title, "Civil Conspiracy," appears in this petition. It offers nothing more to advance this claim.

3

Lopez's affidavit, arguing that it contained hearsay.[6] *See* TEX. R. EVID. 801. The Lopezes did not assert the application of any hearsay exception. *See id.* at R. 803. Nor did the Lopezes raise any objections to Castellano's evidence. In her reply, Castellano also objected to the filing of the Lopezes' third amended petition as untimely. No written rulings on Castellano's objections appear in the record.

The hearing on Castellano's motion, originally set for February 5, 2008, was rescheduled for February 11, 2008, and then again for February 20, 2008. At the February 20 hearing, counsel presented argument. Counsel for Castellano again objected to Elia Lopez's affidavit—specifically, to Lopez's statement that Perez told her that Castellano was in possession of the $100,000. At the end of the hearing, without expressly ruling on Castellano's objection, the trial court granted Castellano's motion for summary judgment.

On February 26, 2008, Castellano filed a motion to sever the claims against her from the claims alleged against Perez and South Texas ACP. The Lopezes filed a fourth amended petition on April 1, 2008, arguing that all causes of action were not addressed in the summary judgment motion. In this fourth amended petition, filed after the summary judgment hearing, the Lopezes added two new causes of action identified as civil conspiracy and malicious prosecution/intentional infliction of emotional distress. On that same day, the Lopezes responded to Castellano's motion to sever, again asserting that not all causes of action against her were addressed in the summary judgment motion.

---

[6]In addition to the hearsay objection, Castellano objected to Elia Lopez's affidavit arguing that it contained legal conclusions and unsupported factual conclusions. She also objected to the Deed of Trust as unauthenticated and incomplete and to South Texas ACP's interrogatory response on the basis that the Lopezes represented that it was Castellano's response. Castellano filed no objections to the copy of the check, the "Roller Boogie" document, or the Wells Fargo Bank receipt and inquiry information.

4

On April 18, 2008, the trial court signed its judgment granting Castellano's motion for summary judgment and ordering that the Lopezes take nothing by their suit against Castellano. The judgment stated that the trial court: heard Castellano's no-evidence and traditional motion for summary judgment that was based on the second amended petition on file at the time the motion was filed; reviewed each motion, the timely-filed responses, and supporting summary judgment evidence; and concluded that there were sufficient grounds to find that no material issue of fact precluded the granting of the motion. It set out that the "judgment covers all of the relief" claimed by the Lopezes and that the judgment would "become a final judgment as to . . . Castellano upon the severance." After summary judgment was entered in favor of Castellano, the trial court severed the Lopezes' claims against Castellano from their claims against Perez and South Texas ACP; thus, Perez and South Texas ACP are not parties to this appeal.

## II. FINALITY OF THE JUDGMENT

We first address the issue of the finality of the trial court's judgment.[7] A judgment must be final before it can be appealed. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192 (Tex. 2001). A judgment issued without a conventional trial—for example, a judgment rendered on a pre-trial motion for summary judgment—"is final for purposes of appeal if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Id.* at 192-93; *see also Lopez v. Sulak*, 76 S.W.3d 597, 603 (Tex. App.–Corpus Christi 2002, no pet.). Otherwise, the judgment is only

---

[7]This discussion of finality applies to the Lopezes' second, fifth, and sixth issues, which address claims added subsequent to the filing of the second amended petition.

5

interlocutory. *Lehmann*, 39 S.W.3d at 192. Moreover, granting more relief than the movant is entitled to makes the order reversible, but not interlocutory. *Id.*

Here, in their second amended petition, the Lopezes alleged causes of action for conversion and common-law fraud. Castellano filed her motion for summary judgment after the Lopezes filed this second amended petition. The Lopezes then filed a third amended petition raising new allegations of statutory fraud in a real estate transaction, negligence, and gross negligence. The third amended petition was timely filed on February 11, 2008, nine days before the summary judgment hearing held on February 20, 2008. *See* TEX. R. CIV. P. 63 (providing that amended pleadings may be filed within seven days of trial or thereafter only with leave of court); *Goswami v. Metro. Sav. & Loan Ass'n*, 751 S.W.2d 487, 490 (Tex. 1988) (setting out that a summary judgment proceeding is a trial within the meaning of rule 63). Even though the hearing was set and reset multiple times, the third amended petition was timely filed because the key date for purposes of rule 63 is the date of the final hearing from which the summary judgment "sprang." *Cantu v. Holiday Inns*, 910 S.W.2d 113, 115 (Tex. App.–Corpus Christi 1995, writ denied). Therefore, in this case the following claims were before the trial court at the time of the summary judgment hearing: (1) common-law fraud; (2) conversion; (3) statutory fraud in a real estate transaction; (4) negligence; and (5) gross negligence.[8] The trial court granted Castellano's motion, declaring its decision to be a final judgment and ordering that the Lopezes take nothing by their claims.

---

[8]The Lopezes pleaded civil conspiracy and malicious prosecution/intentional infliction of emotional distress for the first time in their fourth amended petition. That petition was filed after the motion for summary judgment was heard and without leave of court; therefore, it was not the live pleading when the summary judgment was signed. *See* TEX. R. CIV. P. 63 (providing that amended pleadings may be filed within seven days of trial *or thereafter only with leave of court*) (emphasis added).

6

Reviewing the live pleadings in the context of Castellano's asserted grounds for seeking summary judgment, it is clear that the trial court's summary judgment addresses all of the Lopezes' claims as of the date Castellano's motion was filed but does not address claims added after the summary judgment motion was filed. *See Lehmann*, 39 S.W.3d at 205 (setting out that to determine whether an order actually disposes of all pending claims, an appellate court may look to the record in the case); *Rose v. First Am. Title Ins. Co.*, 907 S.W.2d 639, 641 (Tex. App.–Corpus Christi 1995, no writ) (reviewing summary judgment in context of pleadings and summary-judgment evidence). Yet, the order states unequivocally that final judgment, upon severance, is rendered that the Lopezes take nothing by their suit against Castellano. *See Lehmann*, 39 S.W.3d at 204. Such an order grants more relief than Castellano is entitled to receive from her motion because her motion did not address the Lopezes' statutory fraud, negligence, and gross negligence claims, which were first alleged after Castellano's motion for summary judgment was filed. Therefore, it is reversible, but not interlocutory. *See id.* We conclude that it was error for the trial court to grant a final judgment based, in part, on claims not properly before it at the summary judgment hearing. *See id.* We sustain the Lopezes' second, fifth, and sixth issues on this basis only.

### III. No-Evidence Summary Judgment Standard of Review and Applicable Law

The standard of review for the granting of a motion for summary judgment is determined by whether the motion was brought on no-evidence or traditional grounds. *See* Tex. R. Civ. P. 166a(c), (i); *Ortega v. City Nat'l Bank*, 97 S.W.3d 765, 771 (Tex. App.–Corpus Christi 2003, no pet.) (op. on reh'g). Castellano filed a combined traditional

7

and no-evidence motion for summary judgment. When a party moves for summary judgment under both rules 166a(c) and 166a(i), "[w]e first review the trial court's summary judgment under the standards of [r]ule 166a(i)." *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).

Under rule 166a(i), the movant must allege that there is no evidence of a material element of the adverse party's claims. TEX. R. CIV. P. 166a(i); *see Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002). While not required to marshal all her proof, the non-movant must produce more than a scintilla of summary judgment evidence to raise a genuine issue of material fact. *See Ridgway*, 135 S.W.3d at 600 (Tex. 2004); *Grant*, 73 S.W.3d at 215. If the non-movant fails to produce more than a scintilla of evidence under rule 166a(i), there is no need to analyze whether the movant's summary judgment proof satisfies the less stringent rule 166a(c) burden. *Ridgway*, 135 S.W.3d at 600. If, however, the non-movant brings forward more than a scintilla of probative evidence, then a no-evidence summary judgment is not proper. *Moore v. K Mart Corp.*, 981 S.W.2d 266, 269 (Tex. App.–San Antonio 1998, pet. denied).

We review a no-evidence summary judgment for evidence that would enable reasonable and fair-minded jurors to differ in their conclusions. *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005)). We "examine the entire record in the light most favorable to the non[-]movant, indulging every reasonable inference and resolving any doubts against the motion." *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006) (per curiam) (quoting *City of Keller*, 168 S.W.3d at 823).

8

> The elements of conversion are: (1) the plaintiff owned, had legal possession of, or was entitled to possession of the property; (2) the defendant assumed and exercised dominion and control over the property in an unlawful and unauthorized manner, to the exclusion of and inconsistent with the plaintiff's rights; and (3) the defendant refused the plaintiff's demand for the return of the property.

*Tex. Dep't of Transp. v. Crockett*, 257 S.W.3d 412, 416 (Tex. App.–Corpus Christi 2008, pet. denied). To establish a claim for fraud, a plaintiff must establish that: (1) the defendant made a material representation knowing the representation was false, or recklessly as a positive assertion without any knowledge of its truth, with the intention to induce the plaintiff to act upon it; (2) the plaintiff actually and justifiably relied upon the representation; and (3) the plaintiff suffered injury. *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001); *Bradford v. Vento*, 48 S.W.3d 749, 754-55 (Tex. 2001).

## IV. DISCUSSION

## A. Conversion Claim

By their first and fourth issues, the Lopezes generally contend that the trial court erred in granting summary judgment on their conversion claim because material fact questions exist and because there is controverting evidence.[9] Regarding the control element of the conversion claim—Castellano's possession of the money—the Lopezes contend in their first issue that because Elia Lopez's affidavit controverts the affidavits of Castellano and Perez, Elia Lopez's affidavit should be taken as true and should prevail,

---

[9]Although the first issue is written in general terms suggesting that it is applicable to all causes of action, we construe it only as a challenge to the trial court's granting summary judgment on the Lopezes' conversion claim. We do so because the complained-of evidence arguably supports only the possession or control element of conversion. *See Tex. Dep't of Transp. v. Crockett*, 257 S.W.3d 412, 416 (Tex. App.–Corpus Christi 2008, pet. denied).

9

and therefore, summary judgment is improper. The Lopezes' appellate argument, in relevant part, follows:

> Castellano denies receiving [Elia] Lopez's money. Perez denied having told [Elia] Lopez that Perez gave the money to Castellano and that Castellano is in possession of the money. [Elia] Lopez's affidavit states that Perez told her he gave the money to Castellano. The law favors the non-Movant and takes as true the affidavit of the non-Movant. Thus, [Elia] Lopez's affidavit which controverts the affidavits of Castellano and Perez is taken as true and should prevail.

We disagree for the following reasons. First, the Lopezes do not support this contention with clear and concise arguments and with appropriate citations to authorities and to the record. *See* TEX. R. APP. P. 38.1(i). Second, as discussed below, the trial court implicitly granted Castellano's hearsay objection to Elia Lopez's affidavit; thus, the allegedly controverting statement was not properly before the trial court as summary judgment evidence.

Both Castellano and Perez stated in their respective affidavits filed in support of Castellano's motion for summary judgment that Perez did not give the Lopezes' money to Castellano. Perez also avowed that, "[a]t no time did [he] represent to Mrs. Elia Cornejo Lopez that [he] had given Ms. Castellano the entire $100,000 dollars [sic] or any portion of the money [the Lopezes] gave [him]." Elia Lopez controverted this evidence with the following statement in her own affidavit filed in support of her response to Castellano's motion: "Perez . . . told me that Norma Castellano [was] in possession of my One Hundred Thousand Dollars ($100,000.00)."

Castellano filed a written objection and also objected at the summary judgment hearing that Elia Lopez's statement was hearsay. *See* TEX. R. EVID. 801. The Lopezes did not assert any exception to the hearsay rule. *See id.* at R. 803. Throughout the hearing,

10

counsel for the Lopezes argued that the statement was evidence that Castellano possessed the money at issue, thus establishing the second element of conversion or, at least, creating a fact issue on that element. At the hearing, the following exchange occurred:

| | |
|---|---|
| The Court: | -- but there is no disagreement that there was $100,000 – |
| [Castellano's Counsel]: | Right. |
| The Court: | -- given by check, by the Lopezes, to Perez. |
| [Castellano's Counsel]: | To Perez, and not to Castellano. |
| The Court: | Cesar -- right. |
| [Castellano's Counsel]: | There is evidence that it was ever [sic] given, or touched to [sic] Ms. Castellano. |
| [The Lopezes' Counsel]: | But there is evidence – |
| The Court: | No. Hold on, hold on. If I remember correctly, Mr. Lopez says: "I don't know who Castellano is.["] That excerpt that I got. And I think even – Elia Cornejo Lopez also said, that she had never met her. |
| [Castellano's Counsel]: | That's correct. |
| [The Lopezes' Counsel]: | But [Elia Lopez] also said that Cesar Perez told her, that [Castellano] got the money. |
| The Court: | Well, that's where the hearsay comes in. |

Therefore, while there was no written ruling on Castellano's hearsay objection, we conclude that the trial court implicitly sustained her proper objection to the challenged

11

statement in Elia Lopez's affidavit.[10]  Having sustained the objection, the trial court did not consider Elia Lopez's statement as summary judgment evidence when he granted summary judgment in favor of Castellano.[11]

In their fourth issue, the Lopezes contend that they also proved that fact issues remain regarding the possession or control element of their conversion claim because the money "was placed in a checking account opened, authorized, and controlled by Castellano; Castellano is a signatory on the account."  The Lopezes provide no record citation to support these alleged facts, *see* TEX. R. APP. P. 38.1(i), and we find no support for this contention from our review of the summary judgment evidence.  The Lopezes also suggest, without supporting authority, *see id.*, that Castellano possessed the money because, as the alleged sole member of South Texas ACP, she received a direct or indirect benefit of the monies when a mortgage payment was or payments were made.  We are not persuaded by this argument, and we again find no evidence in the record to support this contention.[12]

---

[10]We also conclude that the relevant portion of Elia Lopez's affidavit is inadmissible hearsay; therefore, the trial court did not err in granting Castellano's no-evidence motion for summary judgment on the conversion claim because the Lopezes raised no genuine issue of material fact as to the possession element. *See* TEX. R. CIV. P. 166a(i); TEX. R. EVID. 803.

[11]For the first time on appeal, the Lopezes object to the form of Castellano's affidavit and Perez's affidavit on the basis that they are self-serving and argue that the affidavits should not be considered by the trial court as summary judgment evidence for that reason. *See Tri-Steel Structures, Inc. v. Baptist Found. of Tex.*, 166 S.W.3d 443, 448 (Tex. App.–Fort Worth 2005, pet. denied) (providing that an objection that an affidavit constitutes controverted self-serving testimony is an objection to form); *see also* TEX. R. APP. P. 33.1(a)(1) ("As a prerequisite to presenting a complaint for appellate review, the record must show that . . . the complaint was made to the trial court by a timely request, objection, or motion . . . ."); TEX. R. CIV. P. 166a(f) ("Defects in the form of affidavits or attachments will not be grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity, but refusal, to amend.").  The Lopezes have not preserved this argument for review. *See* TEX. R. APP. P. 33.1(a)(1).  Moreover, had it been preserved, we would not reach the Lopezes' contention because it is not dispositive of this appeal. *See id.* at R. 47.1.

[12]In support of their arguments, the Lopezes reference excerpts from Perez and Castellano's deposition testimony, which they attach to their appellate brief as Exhibit 3 and Exhibit 8, respectively.  However, we find none of the referenced testimony in the record.  Although their response and Elia Lopez's

12

Therefore, after examining the entire record in the light most favorable to the Lopezes, indulging every reasonable inference and resolving any doubts against the motion, *see Sudan*, 199 S.W.3d at 292, and reviewing the summary judgment record for evidence that would enable reasonable and fair-minded jurors to differ in their conclusions, *see Hamilton*, 249 S.W.3d at 426, we conclude, as to Castellano's no-evidence motion for summary judgment, that the Lopezes have failed to produce more than a scintilla of evidence raising a genuine issue of material fact regarding the possession or control element of conversion. *See Ridgway*, 135 S.W.3d at 600. Thus, we conclude that the trial court did not err in granting Castellano no-evidence summary judgment on the Lopezes' conversion claim.[13] We overrule the first and fourth issues.

## B. Fraud Claim

In their third issue, the Lopezes contend that the trial court erred in granting summary judgment because material fact issues exist concerning Castellano's involvement in their fraud allegations. The Lopezes assert that Castellano's act of signing a 2006 Deed of Trust, Security Agreement, and Financing Statement (Deed of Trust) is the misrepresentation upon which their common-law fraud claim is based.

---

affidavit refer to an "exhibit 6—Cesar Perez's deposition testimony," that exhibit does not appear in the record. Likewise, in their supplemental response, the Lopezes refer to Castellano's deposition testimony, yet no transcript of the referenced testimony is in the record. Therefore, there is no evidentiary support for this argument. *See, e.g., Gonzalez v. Villarreal*, 251 S.W.3d 763, 777 n. 17 (Tex. App.–Corpus Christi 2008, pet. dism'd w.o.j.) ("An appellate court cannot consider documents cited in a brief and attached as appendices if they are not formally included in the record on appeal.") (citing *Burke v. Ins. Auto Auctions*, 169 S.W.3d 771, 775 (Tex. App.–Dallas 2005, pet. denied)); *Beacon Mgmt. & Gen. Contr., Inc. v. Boyer, Inc.*, 178 S.W.3d 198, 210 (Tex. App.–Houston [14th Dist.] 2005, no pet.) (same).

[13]Having concluded that the Lopezes did not meet their burden on Castellano's no-evidence motion, there is no need to analyze whether Castellano's summary judgment proof satisfies the less stringent rule 166a(c) burden on the Lopezes' conversion claim. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004); *see also* TEX. R. APP. P. 47.1.

The Deed of Trust was filed with the Cameron County Clerk's office on or about July 21, 2006. Castellano signed it as a grantor/borrower in her personal and individual capacity. The Deed of Trust was also signed by Perez as a grantor/borrower in his personal and individual capacity and in his capacity as manager and member of South Texas ACP. The Lopezes argue that Castellano made a false representation to the Lopezes and others similarly situated when, by signing the Deed of Trust, she represented that Perez was a member of South Texas ACP when, in fact, he was not. The Lopezes urge that, by signing this Deed of Trust, Castellano "represented to the world that . . . Perez is also a member of South Texas ACP . . . and . . . Castellano has participated in fraud, common[-]law fraud, and deception to the creditors to whom the Deed of Trust applies, and to the [Lopezes]."

The Lopezes provide no supporting authority for this argument, and we find none. The Deed of Trust does not list the Lopezes as beneficiaries or creditors; they are not identified in any capacity as parties to this Deed of Trust. Moreover, even assuming Castellano knew she was falsely representing Perez's status as a member of South Texas ACP when she signed the document, we cannot conclude that this is evidence that her actions were done with the intent to induce the Lopezes to invest in South Texas ACP. *See Ernst & Young*, 51 S.W.3d at 577; *Bradford*, 48 S.W.3d at 754-55. In fact, it is undisputed that almost one year later, the Lopezes had not yet met, spoken to, or exchanged correspondence with Castellano. Moreover, our review of the record reveals no other evidence establishing that Castellano made any material representation to the Lopezes regarding the transaction that forms the basis of this lawsuit knowing the

14

representation was false with the intention to induce the Lopezes to act upon it. *See Ernst & Young*, 51 S.W.3d at 577.

Therefore, after examining the entire record in the light most favorable to the Lopezes, indulging every reasonable inference and resolving any doubts against the motion, *see Sudan*, 199 S.W.3d at 292, and reviewing the summary judgment record for evidence that would enable reasonable and fair-minded jurors to differ in their conclusions, *see Hamilton*, 249 S.W.3d at 426, we conclude, as to Castellano's no-evidence motion for summary judgment, that the Lopezes have failed to produce more than a scintilla of evidence raising a genuine issue of material fact regarding their fraud claim. *See Ridgway*, 135 S.W.3d at 600. We conclude that the trial court did not err in granting Castellano summary judgment on the Lopezes' common-law fraud claim.[14] The Lopezes' third issue is overruled.

## V. CONCLUSION

Accordingly, we affirm the judgment as to the common-law fraud and conversion claims and reverse and remand for further proceedings on the issue of Castellano's liability under the claims added in the Lopezes' third amended petition.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the 25th
day of February, 2010.

---

[14]Again, having concluded that the Lopezes did not meet their burden on Castellano's no-evidence motion, there is no need to analyze whether Castellano's summary judgment proof satisfies the less stringent rule 166a(c) burden on the Lopezes' fraud claim. *Ridgway*, 135 S.W.3d at 600; *see* TEX. R. APP. P. 47.1.