NUMBER 13-08-00336-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


ELIA CORNEJO LOPEZ AND LEONEL LOPEZ, Appellants,


v.
 


NORMA LINDA CASTELLANO, Appellee.

 


On appeal from the 138th District Court 


of Cameron County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Rodriguez and Garza


Memorandum Opinion by Justice Rodriguez



 Appellants Elia Cornejo Lopez and Leonel Lopez appeal a summary judgment
granted in favor of appellee Norma Linda Castellano on the Lopezes' conversion and
common-law fraud claims. By six issues, the Lopezes contend that the trial court erred in
granting summary judgment because material fact issues remain. We affirm in part and
reverse and remand in part.

I. Factual and Procedural Background (1)

 South Texas ACP Management, LLC (South Texas ACP) was created in 2006 as
a limited liability company. Cesar Roel Perez is the sole manager of South Texas ACP,
and Castellano, Perez's mother-in-law, is a member--allegedly its sole member.

 The Lopezes assert in their petition that, in May 2007, they were beginning
negotiations with Perez and South Texas ACP to buy an interest in South Texas ACP. 
According to the petition, they discussed the expansion of the Playground Fun Center a/k/a
Playground Action Park in Brownsville, Texas, which was to include the building of a
skating rink facility adjacent to the existing facility. As set out in their petition, as a sign of
good faith, Elia Lopez deposited $100,000 into a Wells Fargo Bank account; the funds
were to be held in escrow until the Lopezes completed a due diligence investigation of the
business.

 After the Lopezes discovered that Perez allegedly made misrepresentations
regarding the financial condition of South Texas ACP, the ownership of South Texas ACP's
assets, and the existence of liens against South Texas ACP's assets, they demanded the
return of their money. According to allegations in the petition, Perez and South Texas ACP
failed to return the money and failed to provide an accounting. (2) On August 9, 2007, the
Lopezes sued South Texas ACP, Perez, and Castellano for common-law fraud and
conversion. On December 10, 2007, the Lopezes filed a second amended petition which
added factual allegations regarding the fraud and conversion claims.

 On December 14, 2007, Castellano filed a hybrid no-evidence and traditional motion
for summary judgment. (3) The Lopezes responded, filing their response on February 5,
2008, and their supplemental response on February 11, 2008. (4) Both responses were filed
timely--more than seven days before the summary judgment hearing. See Tex. R. Civ.
P. 166a(c) ("Except on leave of court, the adverse party, not later than seven days prior to
the day of hearing may file and serve opposing affidavits or other written response.");
Haynes v. City of Beaumont, 35 S.W.3d 166, 172-73 (Tex. App.-Texarkana 2000, no pet.).

 On February 11, 2008, the Lopezes also filed a third amended petition. In this
petition, they added allegations of statutory fraud in a real estate transaction, see Tex. Bus.
& Com. Code Ann. § 27.01 (Vernon 2009), negligence, and gross negligence. (5)

 On February 13, 2008, Castellano filed objections to the Lopezes' summary
judgment evidence, and in the alternative, a reply to the Lopezes' response and
supplemental response. Relevant to this appeal, Castellano specifically objected to Elia
Lopez's affidavit, arguing that it contained hearsay. (6) See Tex. R. Evid. 801. The Lopezes
did not assert the application of any hearsay exception. See id. at R. 803. Nor did the
Lopezes raise any objections to Castellano's evidence. In her reply, Castellano also
objected to the filing of the Lopezes' third amended petition as untimely. No written rulings
on Castellano's objections appear in the record.

 The hearing on Castellano's motion, originally set for February 5, 2008, was
rescheduled for February 11, 2008, and then again for February 20, 2008. At the February
20 hearing, counsel presented argument. Counsel for Castellano again objected to Elia
Lopez's affidavit--specifically, to Lopez's statement that Perez told her that Castellano was
in possession of the $100,000. At the end of the hearing, without expressly ruling on
Castellano's objection, the trial court granted Castellano's motion for summary judgment.

 On February 26, 2008, Castellano filed a motion to sever the claims against her
from the claims alleged against Perez and South Texas ACP. The Lopezes filed a fourth
amended petition on April 1, 2008, arguing that all causes of action were not addressed
in the summary judgment motion. In this fourth amended petition, filed after the summary
judgment hearing, the Lopezes added two new causes of action identified as civil
conspiracy and malicious prosecution/intentional infliction of emotional distress. On that
same day, the Lopezes responded to Castellano's motion to sever, again asserting that not
all causes of action against her were addressed in the summary judgment motion.

 On April 18, 2008, the trial court signed its judgment granting Castellano's motion
for summary judgment and ordering that the Lopezes take nothing by their suit against
Castellano. The judgment stated that the trial court: heard Castellano's no-evidence and
traditional motion for summary judgment that was based on the second amended petition
on file at the time the motion was filed; reviewed each motion, the timely-filed responses,
and supporting summary judgment evidence; and concluded that there were sufficient
grounds to find that no material issue of fact precluded the granting of the motion. It set
out that the "judgment covers all of the relief" claimed by the Lopezes and that the
judgment would "become a final judgment as to . . . Castellano upon the severance." After
summary judgment was entered in favor of Castellano, the trial court severed the Lopezes'
claims against Castellano from their claims against Perez and South Texas ACP; thus,
Perez and South Texas ACP are not parties to this appeal.

II. Finality of the Judgment

 We first address the issue of the finality of the trial court's judgment. (7) A judgment
must be final before it can be appealed. See Lehmann v. Har-Con Corp., 39 S.W.3d 191,
192 (Tex. 2001). A judgment issued without a conventional trial--for example, a judgment
rendered on a pre-trial motion for summary judgment--"is final for purposes of appeal if
and only if either it actually disposes of all claims and parties then before the court,
regardless of its language, or it states with unmistakable clarity that it is a final judgment
as to all claims and all parties." Id. at 192-93; see also Lopez v. Sulak, 76 S.W.3d 597,
603 (Tex. App.-Corpus Christi 2002, no pet.). Otherwise, the judgment is only
interlocutory. Lehmann, 39 S.W.3d at 192. Moreover, granting more relief than the
movant is entitled to makes the order reversible, but not interlocutory. Id.

 Here, in their second amended petition, the Lopezes alleged causes of action for
conversion and common-law fraud. Castellano filed her motion for summary judgment
after the Lopezes filed this second amended petition. The Lopezes then filed a third
amended petition raising new allegations of statutory fraud in a real estate transaction,
negligence, and gross negligence. The third amended petition was timely filed on February
11, 2008, nine days before the summary judgment hearing held on February 20, 2008. 
See Tex. R. Civ. P. 63 (providing that amended pleadings may be filed within seven days
of trial or thereafter only with leave of court); Goswami v. Metro. Sav. & Loan Ass'n, 751
S.W.2d 487, 490 (Tex. 1988) (setting out that a summary judgment proceeding is a trial
within the meaning of rule 63). Even though the hearing was set and reset multiple times,
the third amended petition was timely filed because the key date for purposes of rule 63
is the date of the final hearing from which the summary judgment "sprang." Cantu v.
Holiday Inns, 910 S.W.2d 113, 115 (Tex. App.-Corpus Christi 1995, writ denied). 
Therefore, in this case the following claims were before the trial court at the time of the
summary judgment hearing: (1) common-law fraud; (2) conversion; (3) statutory fraud in
a real estate transaction; (4) negligence; and (5) gross negligence. (8) The trial court granted
Castellano's motion, declaring its decision to be a final judgment and ordering that the
Lopezes take nothing by their claims.

 Reviewing the live pleadings in the context of Castellano's asserted grounds for
seeking summary judgment, it is clear that the trial court's summary judgment addresses
all of the Lopezes' claims as of the date Castellano's motion was filed but does not address
claims added after the summary judgment motion was filed. See Lehmann, 39 S.W.3d at
205 (setting out that to determine whether an order actually disposes of all pending claims,
an appellate court may look to the record in the case); Rose v. First Am. Title Ins. Co., 907
S.W.2d 639, 641 (Tex. App.-Corpus Christi 1995, no writ) (reviewing summary judgment
in context of pleadings and summary-judgment evidence). Yet, the order states
unequivocally that final judgment, upon severance, is rendered that the Lopezes take
nothing by their suit against Castellano. See Lehmann, 39 S.W.3d at 204. Such an order
grants more relief than Castellano is entitled to receive from her motion because her
motion did not address the Lopezes' statutory fraud, negligence, and gross negligence
claims, which were first alleged after Castellano's motion for summary judgment was filed. 
Therefore, it is reversible, but not interlocutory. See id. We conclude that it was error for
the trial court to grant a final judgment based, in part, on claims not properly before it at the
summary judgment hearing. See id. We sustain the Lopezes' second, fifth, and sixth
issues on this basis only.III. No-Evidence Summary Judgment Standard of Review and Applicable Law


 The standard of review for the granting of a motion for summary judgment is
determined by whether the motion was brought on no-evidence or traditional grounds. See
Tex. R. Civ. P. 166a(c), (i); Ortega v. City Nat'l Bank, 97 S.W.3d 765, 771 (Tex.
App.-Corpus Christi 2003, no pet.) (op. on reh'g). Castellano filed a combined traditional
and no-evidence motion for summary judgment. When a party moves for summary
judgment under both rules 166a(c) and 166a(i), "[w]e first review the trial court's summary
judgment under the standards of [r]ule 166a(i)." See Ford Motor Co. v. Ridgway, 135
S.W.3d 598, 600 (Tex. 2004).

 Under rule 166a(i), the movant must allege that there is no evidence of a material
element of the adverse party's claims. Tex. R. Civ. P. 166a(i); see Sw. Elec. Power Co.
v. Grant, 73 S.W.3d 211, 215 (Tex. 2002). While not required to marshal all her proof, the
non-movant must produce more than a scintilla of summary judgment evidence to raise a
genuine issue of material fact. See Ridgway, 135 S.W.3d at 600 (Tex. 2004); Grant, 73
S.W.3d at 215. If the non-movant fails to produce more than a scintilla of evidence under
rule 166a(i), there is no need to analyze whether the movant's summary judgment proof
satisfies the less stringent rule 166a(c) burden. Ridgway, 135 S.W.3d at 600. If, however,
the non-movant brings forward more than a scintilla of probative evidence, then a
no-evidence summary judgment is not proper. Moore v. K Mart Corp., 981 S.W.2d 266,
269 (Tex. App.-San Antonio 1998, pet. denied).

 We review a no-evidence summary judgment for evidence that would enable
reasonable and fair-minded jurors to differ in their conclusions. Hamilton v. Wilson, 249
S.W.3d 425, 426 (Tex. 2008) (citing City of Keller v. Wilson, 168 S.W.3d 802, 822 (Tex.
2005)). We "examine the entire record in the light most favorable to the non[-]movant,
indulging every reasonable inference and resolving any doubts against the motion." Sudan
v. Sudan, 199 S.W.3d 291, 292 (Tex. 2006) (per curiam) (quoting City of Keller, 168
S.W.3d at 823).

 The elements of conversion are: (1) the plaintiff owned, had legal
possession of, or was entitled to possession of the property; (2) the
defendant assumed and exercised dominion and control over the property
in an unlawful and unauthorized manner, to the exclusion of and inconsistent
with the plaintiff's rights; and (3) the defendant refused the plaintiff's demand
for the return of the property.


Tex. Dep't of Transp. v. Crockett, 257 S.W.3d 412, 416 (Tex. App.-Corpus Christi 2008,
pet. denied). To establish a claim for fraud, a plaintiff must establish that: (1) the
defendant made a material representation knowing the representation was false, or
recklessly as a positive assertion without any knowledge of its truth, with the intention to
induce the plaintiff to act upon it; (2) the plaintiff actually and justifiably relied upon the
representation; and (3) the plaintiff suffered injury. Ernst & Young, L.L.P. v. Pac. Mut. Life
Ins. Co., 51 S.W.3d 573, 577 (Tex. 2001); Bradford v. Vento, 48 S.W.3d 749, 754-55 (Tex.
2001).

IV. Discussion

A. Conversion Claim

 By their first and fourth issues, the Lopezes generally contend that the trial court
erred in granting summary judgment on their conversion claim because material fact
questions exist and because there is controverting evidence. (9) Regarding the control
element of the conversion claim--Castellano's possession of the money--the Lopezes
contend in their first issue that because Elia Lopez's affidavit controverts the affidavits of
Castellano and Perez, Elia Lopez's affidavit should be taken as true and should prevail,
and therefore, summary judgment is improper. The Lopezes' appellate argument, in
relevant part, follows:

 Castellano denies receiving [Elia] Lopez's money. Perez denied having told
[Elia] Lopez that Perez gave the money to Castellano and that Castellano is
in possession of the money. [Elia] Lopez's affidavit states that Perez told her
he gave the money to Castellano. The law favors the non-Movant and takes
as true the affidavit of the non-Movant. Thus, [Elia] Lopez's affidavit which
controverts the affidavits of Castellano and Perez is taken as true and should
prevail.


We disagree for the following reasons. First, the Lopezes do not support this contention
with clear and concise arguments and with appropriate citations to authorities and to the
record. See Tex. R. App. P. 38.1(i). Second, as discussed below, the trial court implicitly
granted Castellano's hearsay objection to Elia Lopez's affidavit; thus, the allegedly
controverting statement was not properly before the trial court as summary judgment
evidence.

 Both Castellano and Perez stated in their respective affidavits filed in support of
Castellano's motion for summary judgment that Perez did not give the Lopezes' money to
Castellano. Perez also avowed that, "[a]t no time did [he] represent to Mrs. Elia Cornejo
Lopez that [he] had given Ms. Castellano the entire $100,000 dollars [sic] or any portion
of the money [the Lopezes] gave [him]." Elia Lopez controverted this evidence with the
following statement in her own affidavit filed in support of her response to Castellano's
motion: "Perez . . . told me that Norma Castellano [was] in possession of my One Hundred
Thousand Dollars ($100,000.00)."

 Castellano filed a written objection and also objected at the summary judgment
hearing that Elia Lopez's statement was hearsay. See Tex. R. Evid. 801. The Lopezes did
not assert any exception to the hearsay rule. See id. at R. 803. Throughout the hearing,
counsel for the Lopezes argued that the statement was evidence that Castellano
possessed the money at issue, thus establishing the second element of conversion or, at
least, creating a fact issue on that element. At the hearing, the following exchange
occurred:

 The Court: -- but there is no disagreement that there was
$100,000 -


 [Castellano's Counsel]: Right.


 The Court: -- given by check, by the Lopezes, to Perez.


 [Castellano's Counsel]: To Perez, and not to Castellano.


 The Court: Cesar -- right.


 [Castellano's Counsel]: There is evidence that it was ever [sic] given, or
touched to [sic] Ms. Castellano.


 [The Lopezes' Counsel]: But there is evidence -


 The Court: No. Hold on, hold on. If I remember correctly,
Mr. Lopez says: "I don't know who Castellano
is.["] That excerpt that I got. And I think even -
Elia Cornejo Lopez also said, that she had never
met her.


 [Castellano's Counsel]: That's correct.


 [The Lopezes' Counsel]: But [Elia Lopez] also said that Cesar Perez told
her, that [Castellano] got the money.


 The Court: Well, that's where the hearsay comes in.

 Therefore, while there was no written ruling on Castellano's hearsay objection, we
conclude that the trial court implicitly sustained her proper objection to the challenged
statement in Elia Lopez's affidavit. (10) Having sustained the objection, the trial court did not
consider Elia Lopez's statement as summary judgment evidence when he granted
summary judgment in favor of Castellano. (11)

 In their fourth issue, the Lopezes contend that they also proved that fact issues
remain regarding the possession or control element of their conversion claim because the
money "was placed in a checking account opened, authorized, and controlled by
Castellano; Castellano is a signatory on the account." The Lopezes provide no record
citation to support these alleged facts, see Tex. R. App. P. 38.1(i), and we find no support
for this contention from our review of the summary judgment evidence. The Lopezes also
suggest, without supporting authority, see id., that Castellano possessed the money
because, as the alleged sole member of South Texas ACP, she received a direct or
indirect benefit of the monies when a mortgage payment was or payments were made. We
are not persuaded by this argument, and we again find no evidence in the record to
support this contention. (12)

 Therefore, after examining the entire record in the light most favorable to the
Lopezes, indulging every reasonable inference and resolving any doubts against the
motion, see Sudan, 199 S.W.3d at 292, and reviewing the summary judgment record for
evidence that would enable reasonable and fair-minded jurors to differ in their conclusions,
see Hamilton, 249 S.W.3d at 426, we conclude, as to Castellano's no-evidence motion for
summary judgment, that the Lopezes have failed to produce more than a scintilla of
evidence raising a genuine issue of material fact regarding the possession or control
element of conversion. See Ridgway, 135 S.W.3d at 600. Thus, we conclude that the trial
court did not err in granting Castellano no-evidence summary judgment on the Lopezes'
conversion claim. (13) We overrule the first and fourth issues.

B. Fraud Claim

 In their third issue, the Lopezes contend that the trial court erred in granting
summary judgment because material fact issues exist concerning Castellano's involvement
in their fraud allegations. The Lopezes assert that Castellano's act of signing a 2006 Deed
of Trust, Security Agreement, and Financing Statement (Deed of Trust) is the
misrepresentation upon which their common-law fraud claim is based.

 The Deed of Trust was filed with the Cameron County Clerk's office on or about July
21, 2006. Castellano signed it as a grantor/borrower in her personal and individual
capacity. The Deed of Trust was also signed by Perez as a grantor/borrower in his
personal and individual capacity and in his capacity as manager and member of South
Texas ACP. The Lopezes argue that Castellano made a false representation to the
Lopezes and others similarly situated when, by signing the Deed of Trust, she represented
that Perez was a member of South Texas ACP when, in fact, he was not. The Lopezes
urge that, by signing this Deed of Trust, Castellano "represented to the world that . . . Perez
is also a member of South Texas ACP . . . and . . . Castellano has participated in fraud,
common[-]law fraud, and deception to the creditors to whom the Deed of Trust applies, and
to the [Lopezes]."

 The Lopezes provide no supporting authority for this argument, and we find none. 
The Deed of Trust does not list the Lopezes as beneficiaries or creditors; they are not
identified in any capacity as parties to this Deed of Trust. Moreover, even assuming
Castellano knew she was falsely representing Perez's status as a member of South Texas
ACP when she signed the document, we cannot conclude that this is evidence that her
actions were done with the intent to induce the Lopezes to invest in South Texas ACP. 
See Ernst & Young, 51 S.W.3d at 577; Bradford, 48 S.W.3d at 754-55. In fact, it is
undisputed that almost one year later, the Lopezes had not yet met, spoken to, or
exchanged correspondence with Castellano. Moreover, our review of the record reveals
no other evidence establishing that Castellano made any material representation to the
Lopezes regarding the transaction that forms the basis of this lawsuit knowing the
representation was false with the intention to induce the Lopezes to act upon it. See Ernst
& Young, 51 S.W.3d at 577.

 Therefore, after examining the entire record in the light most favorable to the
Lopezes, indulging every reasonable inference and resolving any doubts against the
motion, see Sudan, 199 S.W.3d at 292, and reviewing the summary judgment record for
evidence that would enable reasonable and fair-minded jurors to differ in their conclusions,
see Hamilton, 249 S.W.3d at 426, we conclude, as to Castellano's no-evidence motion for
summary judgment, that the Lopezes have failed to produce more than a scintilla of
evidence raising a genuine issue of material fact regarding their fraud claim. See Ridgway,
135 S.W.3d at 600. We conclude that the trial court did not err in granting Castellano
summary judgment on the Lopezes' common-law fraud claim. (14) The Lopezes' third issue
is overruled.

V. Conclusion Accordingly, we affirm the judgment as to the common-law fraud and conversion
claims and reverse and remand for further proceedings on the issue of Castellano's liability
under the claims added in the Lopezes' third amended petition.


 

 NELDA V. RODRIGUEZ

 Justice


Delivered and filed the 25th

day of February, 2010.
1. Castellano filed no appellee's brief to assist us in the resolution of this case. Accordingly, we decide
this appeal based on the brief filed by the Lopezes and the record before us.
2. Although it is not clear from the record, it appears as if $50,000 of the $100,000 was placed in the
registry of the trial court. The Lopezes have requested that the trial court release that money to them. The
location or use of the remaining $50,000 is disputed.
3. As evidence, Castellano attached her affidavit and the affidavit of Perez to her motion. She also
attached excerpts of the Lopezes' deposition testimony and documents regarding South Texas ACP's
formation, filing, and regulations.
4. The Lopezes attached the following evidence to their response: (1) Elia Lopez's affidavit; (2) a 2006
Deed of Trust, Security Agreement, and Financing Statement (Deed of Trust); (3) one of South Texas ACP's
interrogatory responses; (4) a copy of a check in the amount of $100,000 made payable to Cesar Perez; (5)
a document titled "Roller Boogie"; and (6) a Wells Fargo Bank account transaction receipt and inquiry
information on what appears to be the same account. No evidence was attached to the Lopezes'
supplemental response.
5. The Lopezes claim to have added civil conspiracy as a new cause of action in their third amended
petition. However, only the title, "Civil Conspiracy," appears in this petition. It offers nothing more to advance
this claim.
6. In addition to the hearsay objection, Castellano objected to Elia Lopez's affidavit arguing that it
contained legal conclusions and unsupported factual conclusions. She also objected to the Deed of Trust 
as unauthenticated and incomplete and to South Texas ACP's interrogatory response on the basis that the
Lopezes represented that it was Castellano's response. Castellano filed no objections to the copy of the
check, the "Roller Boogie" document, or the Wells Fargo Bank receipt and inquiry information.
7. This discussion of finality applies to the Lopezes' second, fifth, and sixth issues, which address
claims added subsequent to the filing of the second amended petition.
8. The Lopezes pleaded civil conspiracy and malicious prosecution/intentional infliction of emotional
distress for the first time in their fourth amended petition. That petition was filed after the motion for summary
judgment was heard and without leave of court; therefore, it was not the live pleading when the summary
judgment was signed. See Tex. R. Civ. P. 63 (providing that amended pleadings may be filed within seven
days of trial or thereafter only with leave of court) (emphasis added).
9. Although the first issue is written in general terms suggesting that it is applicable to all causes of
action, we construe it only as a challenge to the trial court's granting summary judgment on the Lopezes'
conversion claim. We do so because the complained-of evidence arguably supports only the possession or
control element of conversion. See Tex. Dep't of Transp. v. Crockett, 257 S.W.3d 412, 416 (Tex.
App.-Corpus Christi 2008, pet. denied).
10. We also conclude that the relevant portion of Elia Lopez's affidavit is inadmissible hearsay;
therefore, the trial court did not err in granting Castellano's no-evidence motion for summary judgment on the
conversion claim because the Lopezes raised no genuine issue of material fact as to the possession element. 
See Tex. R. Civ. P. 166a(i); Tex. R. Evid. 803.
11. For the first time on appeal, the Lopezes object to the form of Castellano's affidavit and Perez's
affidavit on the basis that they are self-serving and argue that the affidavits should not be considered by the
trial court as summary judgment evidence for that reason. See Tri-Steel Structures, Inc. v. Baptist Found. of
Tex., 166 S.W.3d 443, 448 (Tex. App.-Fort Worth 2005, pet. denied) (providing that an objection that an
affidavit constitutes controverted self-serving testimony is an objection to form); see also Tex. R. App. P.
33.1(a)(1) ("As a prerequisite to presenting a complaint for appellate review, the record must show that . . .
the complaint was made to the trial court by a timely request, objection, or motion . . . ."); Tex. R. Civ. P.
166a(f) ("Defects in the form of affidavits or attachments will not be grounds for reversal unless specifically
pointed out by objection by an opposing party with opportunity, but refusal, to amend."). The Lopezes have
not preserved this argument for review. See Tex. R. App. P. 33.1(a)(1). Moreover, had it been preserved, we
would not reach the Lopezes' contention because it is not dispositive of this appeal. See id. at R. 47.1.
12. In support of their arguments, the Lopezes reference excerpts from Perez and Castellano's
deposition testimony, which they attach to their appellate brief as Exhibit 3 and Exhibit 8, respectively. 
However, we find none of the referenced testimony in the record. Although their response and Elia Lopez's
affidavit refer to an "exhibit 6--Cesar Perez's deposition testimony," that exhibit does not appear in the record. 
Likewise, in their supplemental response, the Lopezes refer to Castellano's deposition testimony, yet no
transcript of the referenced testimony is in the record. Therefore, there is no evidentiary support for this
argument. See, e.g., Gonzalez v. Villarreal, 251 S.W.3d 763, 777 n. 17 (Tex. App.-Corpus Christi 2008, pet.
dism'd w.o.j.) ("An appellate court cannot consider documents cited in a brief and attached as appendices if
they are not formally included in the record on appeal.") (citing Burke v. Ins. Auto Auctions, 169 S.W.3d 771,
775 (Tex. App.-Dallas 2005, pet. denied)); Beacon Mgmt. & Gen. Contr., Inc. v. Boyer, Inc., 178 S.W.3d 198,
210 (Tex. App.-Houston [14th Dist.] 2005, no pet.) (same).
13. Having concluded that the Lopezes did not meet their burden on Castellano's no-evidence motion,
there is no need to analyze whether Castellano's summary judgment proof satisfies the less stringent rule
166a(c) burden on the Lopezes' conversion claim. See Ford Motor Co. v. Ridgway, 135 S.W.3d 598, 600
(Tex. 2004); see also Tex. R. App. P. 47.1.
14. Again, having concluded that the Lopezes did not meet their burden on Castellano's no-evidence
motion, there is no need to analyze whether Castellano's summary judgment proof satisfies the less stringent
rule 166a(c) burden on the Lopezes' fraud claim. Ridgway, 135 S.W.3d at 600; see Tex. R. App. P. 47.1.